Dennis vs. Graf.

## DENNIS VS. GRAF.

*Agent for collection to be allowed reasonable expenses. — Counterclaim in action for money had and received.*

1. In an action for money had and received, where the money claimed had been paid defendant in settlement of a note after suit brought by him thereon, and plaintiff claimed that defendant held the note as his agent, for collection, defendant was entitled (under a general denial and without any counterclaim) to show what sum had been reasonably and properly paid by him for legal services in the collection of such note, and to have the same deducted from the amount collected, in fixing the extent of his liability.

2. It makes no difference in such a case that the action on the note was brought by defendant in the name of the payee, and not in that of the present plaintiff.

3. Where plaintiff's evidence tended to show that defendant received said note from him (plaintiff) for collection, and defendant's evidence tended to show that he received the note from one G, to whom the plaintiff had surrendered it, and that G was the owner thereof: *Held*, that there was no error in refusing evidence of G's declarations and directions concerning said note at about the time of its delivery to defendant, G not having been plaintiff's agent in respect thereto.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover the sum of $500 with interest, alleged to have been collected by defendant on a note against one Thomas, belonging to the plaintiff and by him left with the defendant for collection.   Answer, a general denial.

The testimony for plaintiff tended to prove that Christian Graf, the payee of the note, who was the father of the defendant, and father-in-law of the plaintiff, gave the note to the latter as a present; that plaintiff afterwards, at the solicitation of defendant, entrusted it to him for collection, he agreeing to collect it and pay over all the money; that defendant commenced a suit upon it in the name of Christian Graf, but, before trial, settled with Thomas without the plaintiff's consent, receiving from him $100 in money, and $150 in a note against one Pat, and accepted a satisfaction of a claim held by Thomas against himself for $250, for the balance; and that, although the plaintiff had demanded it, the defendant had never paid over to him anything whatever on account of the amount so received.   It also appears that the note was barred by the statute of limitations at the time of such settlement.   There was some testimony of admissions by defendant of plaintiff's title to the note, of the amount collected on it, and of his promise to pay the amount to the plaintiff with interest, all of which was contradicted by the defendant.

The evidence for defendant tended to show that the note in question was given by Christian Graf to his daughter, the plaintiff's wife, and not to the plaintiff; that she afterward gave it back to her father, and he placed it in defendant's hands for collection; that an account for $7 5 n favor of Christian Graf was included in the same suit with the note, and both claims were settled for $250.   Testimony offered by defendant to show declarations made by Christian Graf at about the time he delivered the note to the defendant, and directions given by him respecting the action and the settlement thereof, and also to

Dennis vs. Graf.

show that defendant had expended money about that suit, was excluded.

The jury were instructed, in substance, that if plaintiff, being the owner of the note, or having it in his possession, delivered it to defendant under an agreement that the latter should collect it and pay over the proceeds, he was entitled to recover the amount collected, unless the money had been demanded of him by one shown to have a better title; but if the note was given to plaintiff's wife and by her given back to her father, and re-ceived from him by defendant, plaintiff was not entitled to re-cover.

Verdict for the plaintiff; and from the judgment entered thereon, the defendant appealed.

*Felker & Weisbrod*, for appellant:

The testimony to moneys paid out by the defendant about the suit against Thomas, was competent and material, although such payment was not set up as a counterclaim. The action is equitable in its nature, and the questions to be determined are, Has defendant money in his hands belonging to plaintiff, which he ought in equity and good conscience to pay over; and if so, how much? 6 Wis., 149; 14 id., 406. The amount which an agent has collected, less his expenses, is the amount which he ought to pay over to his principal. *Paul v. Kenosha*, 22 Wis., 266. What the defendant proposed to show, tended to rebut the case made by the plaintiff as to the amount of money in his hands, and such matter need not be pleaded. 18 Barb., 29, 31; id., 534; 2 Whit. Pr., 78. 2. The defendant, having given evidence tending to show that the note was given back to Christian Graf, was entitled to show what directions he gave in regard to it, while it was in his possession.

*E. P. Finch*, for respondent. [No brief on file.]

COLE, J. It appears to us the circuit court erred in exclud-ing the evidence offered on the part of the defendant to show how much money he had paid out for legal services in the col-

lection of the Thomas note. The theory of the plaintiff's case is, that he was the owner of this note, and that it had been delivered to the defendant for the purpose of collection; in other words, that the defendant was acting for him and really as his agent in the matter. This being so, can there exist a doubt that the defendant was entitled in this action to a verdict for all reasonable and necessary expenses which he had incurred in bringing the suit which resulted in the settlement of the note? It must be assumed, upon the facts of the case, that the action against Thomas, although in the name of the payee of the note, yet was really for the benefit of the plaintiff. He knew of the pendency of that suit, and probably all about the settlement of it when it was made. It is obvious that this settlement was greatly for his benefit, since the statute of limitations had run upon the note. It is true, the action upon the note was brought in the name of the payee, but he was not in any way prejudiced by this. He had given the defendant no instructions as to what course should be pursued in the collection of the claim, and, if the action on the note was not brought in the name of the real party in interest, how could the plaintiff's rights be prejudiced thereby so long as that action brought about a payment of the note? Had the action been in the plaintiff's name, it would probably not be claimed by any one that he should then be relieved from the payment of the reasonable expenses of that litigation. And how does the case now differ, so long as the action which was brought resulted in the settlement and collection of the note? To our minds the proposition is too plain for argument, that, where a note is placed in the hands of an agent for collection, such agent, in the absence of all agreement to the contrary, is entitled to deduct out of the moneys received all reasonable and necessary expenses which he is put to in collecting such note.

This testimony however was excluded, not upon the ground that the defendant was not entitled to these reasonable expenses, but for the reason that no counterclaim was set up in

the answer. It seems to us that this was not a sufficient reason for excluding the evidence offered. The action was for money had and received to the plaintiff's use. Of course, whatever money was in the defendant's hands, which in equity and good conscience belonged to the plaintiff, might be recovered in the action. If the defendant had been compelled to pay out money or incur expense in the collection of the note, it is manifest the plaintiff is only entitled to recover the balance after satisfying or allowing for those proper expenditures about his business. We can see no good reason for holding that the defendant should set up a counterclaim in his answer, in order to entitle him to show what reasonable and proper expense he had been put to in collecting the note for the plaintiff. The action is liberal and equitable in its nature, the inquiry being what amount of money the defendant has in his hands which justly belongs to the plaintiff, and which he ought to pay over. Whatever expense the defendant had necessarily incurred in collecting the note should be deducted from the proceeds, and it is only the balance that the plaintiff has any claim to.

We do not think there was any error in excluding the declarations of old Mr. Graf about the note, after the time the defendant claimed it had been surrendered to him by the plaintiff or the plaintiff's wife. The old man was not the plaintiff's agent or acting for him, and therefore any declarations which he might make about the note at this time ought not to affect the rights of the plaintiff. We think that evidence was entirely immaterial, and that it was properly ruled out. But, for the error of the circuit court in excluding the testimony offered to show the expense the defendant had been put to in collecting the note, there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.