## Case No. 15,337.

UNITED STATES v. HAZARD.

[3 Cent. Law J. 653; 22 Int. Rev. Rec. 309; 14 Alb. Law J. 236, 264; 9 Chi. Leg. News, 20.] [1]

Circuit Court, D. Rhode Island.    Sept. 25, 1876.

INTERNAL REVENUE — INCOME TAX — ACTION FOR EXCESS OVER AMOUNT ASSESSED.

In an action to recover income tax alleged to be due from defendants to the United States by virtue of section 13 of the act of congress approved March 2. 1867 [14 Stat. 477]. the defendant pleaded in bar that his income for the year in controversy was assessed by the assistant assessor of the district, and a penalty of 50 per cent. imposed for his failure to make return of his income. *Held*. on demurrer, that the plea was bad. and that the assessment so made was not conclusive on the United States. [Following Dollar Sav. Bank v. U. S., 19 Wall. (86 U. S.) 227.]

[Cited in U. S. v. Tilden. Case No. 16,519; U. S. v. Little Miami, C. & Z. R. Co., 1 Fed. 701. Followed in U. S. v. Cobb, 11 Fed. 80.]

[This was an action of debt by the United States against Rowland G. Hazard.]

J. A. Gardner, U. S. Dist. Atty.
Chas. S. Bradley, for defendant.

Before CLIFFORD. Circuit Justice, and KNOWLES, District Judge.

KNOWLES, District Judge. Questions more novel. interesting. and important than those arising under the demurrers in this case are in this district but rarely presented for consideration. Of this the learned counsel of the parties seem to have been mindful, and accordingly in their arguments (by agreement submitted in writing) have discussed those questions with commendable fullness, painstaking. and vigor. The action is one of debt, to recover the sum of $17,451.05 for a tax on defendant's income, alleged to be due to the United States for the year 1868. by virtue of section 13 of the act of congress approved March 2. 1867 (14 Stat. 477). The suit was entered at the June term. 1875. of this court, and by order of the treasury department was continued, though not answered, until the November term following. when, by leave, the defendant made reply, filing with the general issue three special pleas, each of them. in substance. setting up as a bar to recovery the payment by the defendant of the assessment upon him for income for the year 1868. made by the assistant assessor of the district, together with the fifty per cent. penalty imposed on account of his failure to make return of his in-

---

1 [Reprinted from 3 Cent. Law J. 653. by permission. 14 Alb. Law J. 236. contains only a partial report.]

come for that year. To these three special pleas the plaintiff demurs seriatim; but in their briefs and arguments the learned counsel of the parties treat the three as in fact substantially one only.

In support of the demurrers the plaintiff avers that the principles of construction and decision established and promulgated by the supreme court of the United States in Dollar Sav. Bank v. U. S., 19 Wall. [86 U. S.] 227, clearly recognize and affirm the right of action in this case as against the bar set up in said special pleas; and to substantiate this averment. and repel all assaults upon it. was throughout the endeavor of his learned counsel, and, on the other hand, to weaken and overthrow this position of the plaintiff was the endeavor of the learned counsel of the defendant throughout his elaborate and ingenious argument. Indeed, it may be said that the only point of contestation presented was the. correctness or soundness of this proposition of the plaintiff. As the court should rule upon this point for the plaintiff or the defendant, it was in fact conceded. must it sustain or overrule the plaintiff's demurrers?

To the question thus presented the court has given consideration, with a result which renders it unnecessary to recapitulate, canvass or criticise the arguments of the learned counsel of either party. Its conclusion is that the case above cited is, as claimed by the plaintiff, a case directly in point, to be construed and respected as a precedent decisive of the point presented, controlling the action of this court, and compelling a sustaining of the plaintiff's demurrers. And this, too, even were the principles embodied in that precedent as unaccordant with the views of the presiding judge as with those of his associate of this term. The comments and suggestions of the learned counsel of the defendant, in regard to the decision and opinion of 19 Wall. [supra], it cannot be denied. are forcible and persuasive as well as ingenious; but until they shall have been adopted and promulgated by the supreme court, that opinion, in the judgment of this court, must be construed as already stated—that is. as necessitating the sustaining of the demurrers in this case.

Demurrers sustained.