UNITED STATES *v.* LITTLE MIAMI, COLUMBUS & XENIA RAIL-
ROAD COMPANY.

*(Circuit Court, S. D. Ohio.   March, 1880.)*

INTERNAL REVENUE—ACT OF JUNE 30, 1864—ACTION TO RECOVER TAXES
WITHOUT AN ASSESSMENT.—An action of debt may be maintained to
recover taxes without an assessment, where the statute describes the
subject of the taxes and fixes the rates, so that the amount may be
ascertained by evidence.

SAME—ASSESSMENT MADE AND PAID—SUBSEQUENT SUIT FOR BALANCE
BEYOND ASSESSMENT.—An assessment and payment are not a bar to a
suit for the recovery of an amount claimed to be due over and above the
amount which has been thus assessed and paid.

SAME—CORPORATION—STATUTE OF LIMITATIONS.—The limitation of 15
months within which an assessment may be made has no application
to an action against a corporation for taxes imposed by statute.

RAILROAD CORPORATION—LEASE.—The lease of a railroad does not dis-
solve such corporation, and it may still be sued for liabilities incurred
prior to such lease.

SAME—DEPRECIATION OF ASSETS—DEDUCTION FROM PROFITS.—The de-
preciation of assets during a certain period cannot be deducted from
profits earned during the same period, in determining the taxable profits
of a railroad corporation under the act of June 30, 1864.

*Channing Richards,* District Attorney, for the United States.
*Stanley Matthews,* for defendant.

SWING, J.   This suit was brought by the United States to
recover the tax of 5 per cent. imposed by the internal revenue
act of June 30, 1864, upon profits earned from the first of
July, 1864, to the first of December, 1869, and used in con-
struction, or carried to the credit of certain funds.   It was
claimed by the United States that the defendant has earned
profits which were so used during that period amounting to
$326,000, on which no tax was paid.

The defences were: *First,* that returns were made each
year, and accepted by the government, upon which taxes were
assessed and paid; that no assessment has been made for the
additional amounts now claimed, and if there were errors and
omissions in the returns they cannot now be corrected, nor
can the taxes now be recovered without an assessment; *sec-
ond,* that the defendant in fact paid taxes on all profits made

during the period in question, and that the profits shown by their books during that period, on which tax is claimed, are fully wiped out by certain items charged to profit and loss in 1869.

The court disposed of the first defence as follows: An action of debt may be maintained to recover taxes, without an assessment, where the statute describes the subject of the taxes and fixes the rates so that the amount may be ascertained by evidence. *Dollar Savings Bank* v. *U. S.* 19 Wall. 227; *King* v. *U. S.* 99 U. S. 229; *The U. S.* v. *S. J. Tilden*, 24 Int. Rev. Rec. 99. Nor will the fact that an assessment has been made and paid be a bar to a suit for the recovery of an amount claimed to be due over and above the amount which has been assessed and paid *U. S.* v. *Hazard*, 22 Int. Rev. Rec. 309; *U. S.* v. *S. J. Tilden*, 24 Int. Rev. Rec. 99.

The tax imposed by section 122 of the statute, although substantially a tax upon the stockholder, so far as its effects and results are concerned, yet the obligation to pay the tax, is by this section imposed upon the corporation, and this would seem to be the view entertained by the supreme court of the United States in the *Michigan Central R. Co.* v. *Slack, Collector*, 26 Int. Rev. Rec. 60.

This being an action against the corporation for taxes imposed by statute, and not upon an assessment for taxes, the limitation of 15 months within which an assessment may be made does not apply; and congress not having fixed a time within which an action of this character shall be brought, "no laches can be imputed to the government, and against it no time can run so as to bar its rights." *The U. S.* v. *Thompson*, 98 U. S. 486; *The U. S.* v. *Kirkpatrick*, 9 Wheat.; *The U. S.* v. *Williams*, 5 McLean, 133.

It is not necessary now to consider the effect of the lease by the defendant to the Pennsylvania Central & St. Louis Railway and the Pennsylvania Railroad Company further than to say that such lease did not dissolve the corporation, and it may still be sued for liabilities incurred prior to such lease. But whether the property can be subjected to the

satisfaction of a judgment obtained, and the mode of subjection, are questions not now before the court.

Upon the second defence the court held that a portion of the items charged to profit and loss in 1869 was properly chargeable to expenses and losses incurred in operating the road during the period named, and should be deducted from the amount of apparent profits shown by their current reports, thus reducing the sum to $168,707.22, upon which the plaintiff was entitled to recover the tax of 5 per. cent., amounting to $8,435.36.   The remaining items charged to profit and loss in 1869, being the estimated depreciation of assets during the period in question, the court held not to be properly chargeable to expenses, and could not be deducted from profits earned during the period, and used in construction or carried to the credit of any fund.

Exceptions were taken by the defendant, and the case will be carried to the supreme court.