### UNITED STATES v. MINNEAPOLIS THRESHING MACH. CO.

(District Court, D. Minnesota, Fourth Division. December 28, 1915.)

1. INTERNAL REVENUE ☞28—CORPORATE EXCISE TAX—ACTIONS TO RECOVER.

Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, §§ 6300–6307), imposes on corporations an annual special excise tax, equivalent to 1 per cent. upon the net income over and above $5,000 during the year, requires such corporations to make a return by March 1st in each year, stating their net income, and provides that the Commissioner of Internal Revenue shall make assessments thereon. Paragraph 8 of such section provides that all laws relating to the collection and refund of internal revenue taxes, so far as applicable to that section, are thereby extended to the taxes imposed thereby. Rev. St. § 3213, provides that internal revenue taxes may be sued for in the name of the United States in any proper form of action in the proper court. *Held* that, where a corporation's return incorrectly stated its net income and the tax based upon such return had been paid, an action of indebitatus assumpsit would lie to recover the balance of the tax, which should have been levied and paid, without any formal assessment of such additional tax.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ☞28.]

2. INTERNAL REVENUE ☞28—CORPORATE EXCISE TAX—ACTIONS—LIMITATIONS.

Act Aug. 5, 1909, § 38, par. 5, provides, as to the corporate excise tax thereby imposed, that all assessments shall be made on or before June 1st in each year, and that such assessments shall be paid on or before June 30th, except in cases of refusal or neglect to make the required return and in cases of false or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon discovery thereof at any time within three years after the return is due, make a return upon information obtained as therein provided, and that the assessment made by the Commissioner thereon shall be paid by the corporation. *Held*, that neither the limitation contained in this paragraph nor any other statute of limitations bars an action by the United States to recover the difference between the amount of the tax levied and paid and the amount which should have been levied and paid, if the corporation's return had correctly stated its net income.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ☞28.]

At Law. Action by the United States against the Minneapolis Threshing Machine Company. Judgment for the United States for $742.66, with interest and costs.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This was an action to recover the difference between the special excise tax levied and assessed against the defendant under section 38 of the act of August 5, 1909, and paid by it, and the amount which it was alleged should have been levied, assessed, and paid. It was tried by the court on the admissions in the pleadings and certain stipulated facts, from which it appeared that defendant made its return for the year 1909, showing a net income of $105,655.05; that thereupon a tax was assessed and paid on that basis; that no additional, corrected, or amended return was required or demanded within three years; and that no additional excise tax had been assessed; but for the purposes of the action it was stipulated that defendant's taxable income for the year 1909 was in fact $179,921.23, as alleged in the complaint.

Alfred Jaques, U. S. Dist. Atty., of Duluth, Minn., for the United States.

Joseph A. Hosp, of Hopkins, Minn., for defendant.

BOOTH, District Judge. [1] It is contended by the defendant that an action such as the present, which may be considered an action of indebitatus assumpsit, will not lie under the facts in this case, and that, inasmuch as no assessment had been formally made by the collector of internal revenue, no action will lie, and, finally, that no assessment can be made, nor action maintained, because it is barred by the three-year limitation clause contained in the fifth paragraph of section 38, chapter 6, 36 Stat. at Large, 112; said section containing the provision under which the excise tax involved in this controversy was authorized. The eighth paragraph of said section 38, contains the following clause:

"All laws relating to the collection, remission, and refund of internal revenue taxes, so far as applicable to and not inconsistent with the provisions of this section, are hereby extended and made applicable to the taxes imposed by this section." Comp. St. 1913, § 6307.

In United States v. Chamberlin, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204, which was a case arising under War Revenue Act June 13, 1898, c. 448, 30 Stat. 448, the court construed section 31, which makes applicable "all administrative, special, or stamp provisions of law, including the laws in relation to the assessment of taxes, not heretofore specifically repealed," as authorizing an action of debt under authority conferred by section 3213, Rev. St. (Comp. St. 1913, § 5937), for the recovery of the amount of a stamp tax payable, but not paid, under said War Revenue Act. The court in its opinion said:

"Whether an action of debt is maintainable depends, not upon the question as to who is the plaintiff, or in what manner the obligation was incurred; but it lies whenever there is due a sum either certain or readily reduced to certainty."

The language contained in paragraph 8 of the act under consideration in the present case is much clearer and broader than the language considered in the case of United States v. Chamberlin, supra, and clearly authorizes the present action. To the same general effect, see King v. United States, 99 U. S. 229, 25 L. Ed. 373; Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; United States v.

Little Miami R. R. Co. (C. C.) 1 Fed. 700. This last case was reversed in the Supreme Court, in 108 U. S. 277, 2 Sup. Ct. 627, 27 L. Ed. 724, but on another point. That no formal assessment is necessary, see Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; King v. United States, 99 U. S. 229, 25 L. Ed. 373; United States v. Little Miami R. R. Co. (C. C.) 1 Fed. 700.

[2] That neither limitation of time upon the action of the Commissioner of Internal Revenue contained in paragraph 5 of said section 38, above referred to, nor any other statute of limitation, is binding upon the United States in bringing an action like the one at bar, see United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Insley, 130 U. S. 263, 9 Sup. Ct. 485, 32 L. Ed. 968; United States v. Norris, 222 Fed. 14, 137 C. C. A. 552 (C. C. A. 8); United States v. Little Miami R. R. Co. (C. C.) 1 Fed. 700.

Let judgment be entered for the plaintiff.