NEW YORK LIFE INS. CO. v. ANDERSON, Internal Revenue Collector.

(District Court, S. D. New York. March 11, 1919.)

1. MONEY RECEIVED ⬤⟺1—GROUNDS OF ACTION.

In an action for money had and received, plaintiff may recover only such money as he is in equity entitled to and as defendant is not entitled to retain.

2. INTERNAL REVENUE ⬤⟺38—ACTION TO RECOVER TAXES PAID—CORRECTION OF ERRORS.

In an action against a collector to recover internal revenue taxes erroneously assessed and paid, errors in the assessment in plaintiff's favor may also be corrected; the United States, which is the real defendant, not being affected by any estoppel which might affect the officer making the assessment.

At Law. Action by the New York Life Insurance Company against Charles W. Anderson, Collector of Internal Revenue for the Second District of the State of New York. Judgment for plaintiff.

James H. McIntosh, of New York City, for plaintiff.
Addison S. Pratt, of New York City, for defendant.

LEARNED HAND, District Judge. This case comes up for further hearing upon the amount of the verdict to be directed. The plaintiff has succeeded upon the issue that the dividends deducted from premiums are a proper allowance, but has failed in securing

---

any allowance for the depreciation of its securities. The Commissioner of Internal Revenue was not consistent in his treatment of this second class of deductions, for in re-assessing the tax he allowed some depreciations and rejected others. The defendant claims that the verdict should be for no more than the balance actually due, if the Commissioner had re-assessed the tax consistently in accordance with my decision, and that therefore he should be entitled to a credit against the recovery of any taxes paid upon dividends for those items of depreciation which the Commissioner erroneously allowed. On the defendant's theory the calculation should be made as follows:

The amount sued for was $73,277.54. Certain amounts the defendant concedes to have been erroneously assessed and collected. They amount to:

| | | |
|---|---|---|
| Clerical error | $ 100.00 | |
| Depreciation for furniture, etc. | 594.52 | |
| Addition to income to bring the premium receipts to an accrual basis | 4,163.89 | |
| Addition to income to bring interest and rents, etc., to an accrual basis | 4,611.27 | $ 9,469.68 |
| To this should be added the dividends applied in payment of the renewal premiums, which I have decided to have been erroneous | | 18,994.87 |
| | | $28,464.55 |

But the Commissioner in his assessment allowed the plaintiff to charge off $928,977.73, which was the amount of amortization necessary to bring down the book value of certain of its bonds to their market value, and a further sum of $86,492.14, a book adjustment for increasing or decreasing the book value of certain bonds, in order to adjust the accruals of discounts and to amortize the premiums at which it had purchased them. The sum of the taxes on these two items is $10,154.70. As the Commissioner added to the plaintiff's gross income an increase on the market value of certain of its bonds to the amount of $250,947.52, the tax upon this should be deducted, and that tax is $2,509.58.

The net result of these errors of the Commissioner shows an underassessment of $7,645.22, and if this sum be deducted from the amount of the plaintiff's recovery, $28,464.55, the resulting verdict would be $20,819.33. The question is whether the defendant may be allowed to disregard the Commissioner's return and to treat this action as though it were to re-assess the tax de novo, and to recover only the balance overpaid upon such a re-assessment.

[1, 2] The case is an action for money had and received, and it is well settled that in that action a plaintiff can recover only such money as he is in equity and good conscience entitled to, and as the defendant is not entitled to retain. Cary v. Curtis, 3 How. 236, 246, 11 L. Ed. 576; Gaines v. Miller, 111 U. S. 395, 397, 4 Sup. Ct. 426, 28 L. Ed. 466. Indeed, it is very old law. Moses v. McFerlan, 2 Burr. 1005. A case somewhat analogous on the facts to the case at bar is Jackson v. McKnight, 17 Hun (N. Y.) 2. The plaintiff is therefore entitled in this case to recover only so much as the Com-

missioner should not have collected in the first place, unless the assessment of the Commissioner constituted a valid estoppel against him or against the United States. If that were so, the matter could not be re-opened and must stand; but if it be not so, it follows that the measure of the plaintiff's recovery is only so much as it would not have had to repay had the Commissioner proceeded correctly from the outset.

Now it is well settled that no assessment of the Commissioner of Internal Revenue is necessary for the collection of a tax, at least in a direct action by the United States. Dollar Savings Bank v. U. S., 19 Wall. 227, 22 L. Ed. 80; U. S. v. Chamberlin, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204; U. S. v. Grand Rapids, etc., R. R. (D. C.) 239 Fed. 153. Nor does it make any difference that an assessment has been made, for in spite of the assessment, and of the expiration of the period within which an amended assessment can be made, the United States may still sue for the amount actually due. U. S. v. Phila. & Reading R. R., 123 U. S. 113, 8 Sup. Ct. 77, 31 L. Ed. 138; U. S. v. Minneapolis Threshing Machine Co. (D. C.) 229 Fed. 1019; U. S. v. Tilden, 9 Ben. 368, Fed. Cas. No. 16,519.

- I do not think it makes any difference that this suit is in form against the collector, because the recovery in the end comes from the United States, so that, even if the collector were personally estopped, that estoppel under the circumstances does not apply against the United States. It therefore follows that the defendant is right, and that the recovery should be upon the basis of a corrected assessment of the tax, regardless of the Commissioner's unwarranted deductions in favor of the plaintiff at the time of his assessment.

A verdict will therefore be directed for the plaintiff in the sum of $20,819.33, with interest from February 3, 1912, except on the sum of $694.52.