**WOOLNER DISTILLING CO. v. UNITED STATES.**

No. 4706.

Circuit Court of Appeals, Seventh Circuit.

Dec. 29, 1932.

Joseph A. Weil, of Peoria, Ill. (Herman G. Kopald and Felix Fishman, both of New York City, of counsel), for appellant.

Frank K. Lemon, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill. (C. M. Charest, General Counsel, Bureau of Internal Revenue and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

ALSCHULER, Circuit Judge.

The appeal is from a judgment against appellant for money alleged to have been paid it by appellee through mistake.

The facts appear by stipulation. April 1, 1918, appellant's subsidiary filed with the United States Collector of Internal Revenue at Pittsburgh, Pa., its income and profits tax return showing $2,457.96 due for 1917, which tax was assessed accordingly. October 9, 1918, the taxpayer filed through the collector's office a claim for abatement of that assessment, which claim the Commissioner of Internal Revenue rejected December 26,

1922; but the tax remained unpaid. April 29, 1919, the taxpayer filed its return for the year 1918, reporting a tax of $5,994.86, which amount was assessed against it and was paid to the same collector. Subsequently, on audit and review of the last-named return, the Commissioner determined that the taxpayer owed no tax for the year 1918, and issued the usual certificate of overassessment and refund in favor of the taxpayer for the 1918 tax of $5,994.86, and listed it with the collector at Pittsburgh in December, 1922, notifying the taxpayer accordingly. Shortly after allowance of refund for the 1918 tax, under date of January 2, 1923, the taxpayer, by his attorneys, sent the Commissioner, who duly received it, this letter:

"I have the honor to respond, on behalf of the Duquesne Distributing Company, Pittsburgh, Pa., to your letter addressed to it under date of December 26, 1922, wherein you rejected claim for abatement in the amount of $2,457.96 heretofore filed by that company. It appears from your letter dated November 25, 1922, that the Duquesne Distributing Company was overassessed for 1918 in the amount of $5,994.86. It further appears in your letter of December 26, 1922, that in your opinion you can not under the pertinent letter and regulations permit the offsetting of the latter over-assessment against the claim for abatement first referred to.

"The company has no objection to disallowance of the claim for abatement in view of the circumstances that have transpired since it was filed, provided that the amount of the over-assessment for 1918 is credited to it, or to the Woolner Distilling Company, in some manner which may be conceived proper by you.

"Very truly yours,
"Crocker, Johnson & Shores
"Lyle T. Alverson."

The requisite and customary notification of the overassessment and overpayment of the 1918 tax and of the disallowance of taxpayer's contention respecting the 1917 tax was duly placed on file in the collector's office, but, through some unexplained blunder, the government's check for the *entire* amount of the refund for the 1918 tax was issued, and, on February 10, 1923, was sent to the taxpayer, and was paid February 19, 1923. Later the alleged error in failing to deduct the unpaid 1917 tax was called to the taxpayer's attention, but the amount was not paid or refunded to the government. The suit was brought in 1927, and the declaration charged that the failure to deduct from the payment to the taxpayer the amount of the 1917 tax was through mistake, and demanded judgment accordingly. Jury was waived, and upon the stipulated facts the court gave judgment for appellee.

The defense to the action is that the suit, in essence, was for the collection of the unpaid 1917 tax, and that the action therefor was barred by the statute of limitations, since it was not commenced until more than five years after the taxpayer's return for the 1917 tax. Section 250 (d), Revenue Act of 1921, 42 Stat. 265.

It is conceded that this is the only way in which any statute of limitations is here involved, and that, if this is in fact a suit to recover money paid out by mistake, and not a suit to collect the 1917 tax, there is no defense to it.

■ Section 252 of the Revenue Act of 1921, 42 Stat. 268, specifies that where a refund is allowed for the tax of any year there shall be deducted therefrom whatever, if any, tax is due the United States for any other year, and the balance only be refunded. This is a public law of which every person is supposed to be aware and must take notice, and appellant must be held to have known at the time it received the refund of the 1918 tax that it was then the duty of every person connected with the refunding of the tax to deduct therefrom the unpaid 1917 tax.

■ With the known duty of making the deduction goes the reciprocal duty on the part of the taxpayer that he do not take or receive from the government the refund from which there is not deducted the amount of any other tax then due and unpaid. That those acting for the government did not deduct it most clearly indicates a mistake. That appellant *mistakenly* received and retained it is the only conclusion which can be drawn without impeachment of appellant's good faith.

But the stipulation itself dispels any doubt respecting mistake in the payment. It recites the applicable statutes and the Treasury Regulations which make clear the duty respecting the deduction, and specifies in several places that the payment without the deduction was made through inadvertence, error, or mistake.

But, regardless of the statutes, the conduct on both sides makes it evident that the intention and understanding of both was that the 1917 tax would be deducted, and payment made only of the difference. The letter of January 2, 1923, to the Commissioner from

the attorneys for taxpayer makes it plain that the taxpayer expected the deduction of the 1917 tax to be made. The limitation upon collection of that tax had not then expired, and this conduct of the parties evidences their willingness and their understanding that the deduction would be made, and the difference only paid, and of itself sufficiently manifests the mistake in making the payment without the deduction. Section 610 (b) of the Revenue Act of 1928, 45 Stat. 875 (26 USCA § 2610 (b), specifically authorizes the bringing of actions by the government for money paid out by it through mistake.

■ Conclusive reply to the taxpayer's assertion that this is in fact a suit for the 1917 tax is the fact that it is nothing of the kind. It is a suit for just what it purports to be— the recovery of money paid by mistake. If the evidence to support this action consisted only of the showing of the unpaid 1917 tax, then, wholly apart from the statute of limitations, the action would fall for want of proof to sustain it. An action specifically brought for money paid by mistake would not be supported by mere proof of an unpaid tax. Appellant cannot be permitted to dictate the sort of action to be brought against it. Appellee chose to bring suit to recover payment which it made by mistake to appellant, and we are satisfied that the evidence fully sustains the judgment rendered.

Affirmed.