### RUBEL CORPORATION v. RASQUIN et al.
### No. 25.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1943.

Yellin & Levy, of New York City (George F. von Kolnitz, Jr., of Washington, D. C., of counsel), for plaintiff-appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Samuel H. Levy, and Clarence E. Dawson, Sp. Asst. to Atty. Gen., and Harold M. Kennedy, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff sued in the District Court for the Eastern District of New York to recover in one suit for each year income taxes paid for the fiscal years ended March 31, 1926, 1927, 1928 and 1929 respectively. The defendant moved to dismiss the complaint in each action on the ground, among others, that § 284(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Code § 322 (c) (2, 3), barred the suit. All those motions were granted and final judgment for the defendant was entered in each action. An appeal from each of those judgments was duly taken by the plaintiff and the four appeals were consolidated for hearing in this court.

Sec. 284(d) of the 1926 Act in so far as now applicable provided that:

"If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

\* \* \* \* \*

"(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

"(3) As to any amount collected after the statutory period of limitations upon the beginning of distraint or a proceeding in court for collection has expired; \* \* \*."

The rather complicated tax situation which arose and which made a compromise appear advantageous both to the taxpayer and to the government led to a settlement by the acceptance of the petitioner's lump sum offer. Some steps which might well have been taken were omitted and that has been seized upon by the plaintiff as the basis of these suits. The material facts are not disputed and are:

The plaintiff is a New York corporation whose stock, during the taxable periods involved, was all owned by a Delaware corporation, called The Rubel Corporation. To avoid confusion they will be hereinafter called Rubel New York and Rubel Delaware respectively. Ninety-seven per centum of the stock of Rubel Delaware was owned by R. & S. Holding Corporation. All of the stock of the latter was owned by Rubel Fuel Corporation whose stock in turn was all owned by Samuel Rubel. Mr. Rubel was the president of Rubel New York and of Rubel Delaware. There were, or had been, other corporations in what will now be called the Rubel group and by 1936 there were some twenty proceedings before the Tax Court for the redetermination of deficiencies in the taxes of corporations in the group for the year 1926 and subsequent years to and including 1935. Of these proceedings there were ten involving the years 1926 to 1929 inclusive in which either Rubel New York or Rubel Delaware or both were petitioners and as this appeal is from the judgments in the suits brought to recover what was paid to compromise the disputes for those years we may disregard the remainder from now on.

Rubel Delaware filed a consolidated return for itself and Rubel New York for the fiscal year ended March 31, 1926. On September 20, 1929, the Commissioner mailed deficiency notices to Rubel Delaware and to the predecessor of Rubel New York. On November 19, 1929, both Rubel Delaware and Rubel New York filed petitions, each executed by Samuel Rubel as president, for redetermination in the Tax Court. A motion to dismiss the petition of Rubel New York on the ground that no deficiency against it had been determined was opposed by it and denied by the Tax Court on February 15, 1930. The Commissioner then answered both petitions and the issues thus raised were pending when the settlement was later made.

The situation for the fiscal year 1929 is much the same for purposes of this appeal and these two years will be treated together. Rubel Delaware filed a consolidated return for itself and for Rubel New York. The Commissioner determined a deficiency in due course and mailed a notice of it to

Rubel Delaware on September 15, 1931, which filed a petition for redetermination in the Tax Court on November 14, 1931. No deficiency notice was sent to Rubel New York until August 13, 1934, when the Commissioner sent it notices of deficiencies and penalties for both the fiscal years 1926 and 1929. Rubel New York, on November 9, 1934, filed a petition with the Tax Court for redetermination of the deficiency for 1926 and of that for 1929 in each of which the applicable statute of limitations was one of the grounds relied on. The situation in respect to these two years 1926 and 1929 then was that the Commissioner had determined a deficiency against Rubel Delaware for each; had duly mailed it deficiency notices and it had duly filed petitions for redetermination with the Tax Court. Rubel New York had also filed a petition for redetermination in the Tax Court for each of those years and all these petitions were pending when in 1939 the compromise agreement, later to be described, was made.

The fiscal years 1927 and 1928 likewise are so alike for present purposes that they should be treated together. After the consolidated returns for those years were filed for Rubel Delaware and Rubel New York the Commissioner determined deficiencies for each year and in due course on December 15, 1930, mailed a deficiency notice for each year to Rubel New York which filed a timely petition in the Tax Court on February 12, 1931, for redetermination of each deficiency. During 1932 some procedural orders were entered by the Tax Court grouping these petitions for hearing with another by the same interests and in 1933 other orders were made, the only present importance of which is that they left the proceedings all pending undetermined. On August 8, 1934, the Tax Court denied motions of the petitioners to dismiss and gave the Commissioner leave to amend his answers. This was followed by the mailing on August 13, 1934, of deficiency and penalty notices for each of the fiscal years 1926 to 1929 inclusive to Rubel New York and for the fiscal year 1928 to Rubel Delaware. In this way the Commissioner finally mailed a deficiency notice to both Rubel New York and Rubel Delaware for each year except for the year 1927, for which Rubel Delaware received no notice. On November 9, 1934, Rubel New York filed a petition in the Tax Court for the redetermination of each deficiency in each year covered by the notice of August 13, 1934. In this way it came about that the Commissioner determined at least one deficiency and in some cases two deficiencies for each year 1926 to 1929 inclusive against Rubel New York and Rubel New York filed a petition for redetermination of each deficiency in the Tax Court. The result was separate proceedings in the Tax Court on the petitions of Rubel New York to redetermine the separate deficiencies determined by the Commissioner in its income for those years. There was also pending in the Tax Court a petition by Rubel Delaware for the redetermination of a deficiency for the fiscal year 1928.

As early as 1936 all parties concerned were apparently convinced of the desirability of a settlement and on December 14 of that year Rubel New York offered to pay two million ($2,000,000) dollars in installments to the collector, whose administratrix is the defendant in these suits, in full settlement of the tax liability of Rubel New York and its associated corporations in controversy in the Tax Court. This offer contained proposed agreements by the parties as to how the lump sum to be paid in should be allocated and provided that agreed stipulations in cases pending before the Tax Court should be held in escrow by the Commissioner and not filed with the Tax Court until Rubel New York had made all the installment payments agreed to be made. The only stipulation in the offer which need now be given in substance is the first reading as follows: "1. In the cases of Rubel Corporation (New York) and Rubel Corporation (Delaware) now pending before the Board of Tax Appeals for the years 1926 to 1931 inclusive, the parties will agree upon ultimate deficiencies inclusive of interest to date, in amounts, the sum of which will equal the difference between said $2,000,000 and the amount of the deficiency (some $40,000) now tentatively determined by the Bureau in the cases of Rubel Corporation (New York) for its fiscal years 1932 to 1935, inclusive." It was to be agreed that there was no deficiency in the case of two corporations, viz., Rubel Fuel Corporation and R. & S. Holding Corporation. Accordingly the offer was in effect to settle the tax liability of all by the payment of the lump sum to be allocated to the payment of deficiencies in the taxes of Rubel New York and Rubel Delaware to be redetermined as the parties should agree. The offer was given due consideration in the

Bureau and was accepted. Rubel New York paid the two million as agreed. The Tax Court entered decisions as the parties stipulated and the taxes were assessed and paid out of the fund so accumulated. Then these suits were brought by Rubel New York.

■ The suits for the 1926 and 1929 taxes are said not to be barred by § 284(d) (2) of the 1926 Act, Sec. 322(c) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 322(c) (2), because no deficiency was determined against the plaintiff for those years and that therefore the amount paid was in excess of an amount computed in accordance with a decision of the Tax Court which has become final. This very narrow and technical position is clearly untenable. It can be taken only by splitting up for that purpose what was an over-all adjustment of tax liability which was in fact computed as agreed in accordance with decisions of the Tax Court which had been made following the stipulations of the parties and which had become final. Strictly what was paid for the years 1926 and 1929 was not the taxes of the plaintiff since the parties elected to treat the taxes for those years as those of Rubel Delaware and the Tax Court made decisions accordingly. Those decisions became final. Had the money from which the payment was made been provided by Rubel Delaware its suit for recovery after payment would have been barred by the statute. Does it make any difference in this situation that another corporation in the group paid the taxes? We think not. The payment was, at most, made in behalf of Rubel Delaware by Rubel New York with complete knowledge and understanding of the facts and as an integral part of a settlement of the controversy over the income tax liability of Rubel New York for those same years. Though it is not altogether clear that Rubel New York did provide all the money since payments were made by "Rubel Corporation, S. Rubel, President" we will assume that Rubel New York did make them. Even so it was but voluntarily paying the taxes with full knowledge of all the pertinent facts and stands, so far as anything turns upon the nature of payment, in a suit for recovery of the taxes paid, just as would the assessed taxpayer. Clift & Goodrich Inc. v. United States, 2 Cir., 56 F.2d 751, 753. Accordingly, the suits for the recovery of the 1926 and 1929 taxes were rightly held barred by the statute.

■ The same result was correctly reached in respect to the suits to recover the 1927 and 1928 taxes. As it happened that Rubel New York had, as we have seen, two petitions for the redetermination of the deficiencies determined against it for each of those years, it was convenient, at least, to carry out the settlement by having the agreed amount of the deficiencies redetermined in only one of the proceedings for each year and to have the decision on the other petition involving the same year be that there was no deficiency. That was done and now the plaintiff has seized upon that straw to argue that as there were inconsistent decisions in each year one wipes out the other and no decision at all was made. The only answer needed to that sort of argument is to point to the facts which show at once that the conclusion reached simply is not so. A decision was made in each proceeding and when the circumstances are known all apparent inconsistency disappears. At most the petitions would still be pending in some way before the Tax Court and the suits even then would be barred by the statute. Though the compromise agreement was not approved as provided by § 3229, R.S., 26 U.S.C.A. Int.Rev.Code § 3761, which was involved in Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379, such lack of approval is of no moment here since the payments sought to be recovered were not made merely in accordance with a compromise agreement. They were made in accordance with assessments based on decisions of the Tax Court. The fact that those decisions were in turn based on stipulations growing out of a compromise agreement is quite as irrelevant as would be the evidence or the lack of it in support of decisions which had become final.

Though we agree that the district judge properly dismissed the complaints under the above statute there is another sufficient reason for affirming each judgment.

■ These taxes were paid by whoever paid them, not only with full understanding of the facts, but it is not now alleged that the government has collected more taxes in the settlement than were actually due it on account of the tax liabilities so compromised. It is a familiar

principle that the recovery of taxes paid is always as for money had and received and a plaintiff must show as one basis for recovery that the government has collected what it would be inequitable for it to keep. Stone v. White, 301 U.S. 532, 535, 57 S.Ct. 851, 81 L.Ed. 1265; United States Paper Exports Ass'n v. Bowers, 2 Cir., 80 F.2d 82; Clift & Goodrich v. United States, supra; Gans S. S. Line v. Bowers, 2 Cir., 82 F.2d 181.

Affirmed.