Allen F. MARSHALL et ux., Marguerite
Marshall, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 1249.

United States District Court
E. D. Texas,
Sherman Division.

Jan. 29, 1958.

Allen Eades, Dallas, Tex., Joe A. Keith, Sherman, Tex., for plaintiffs.

William M. Steger, U. S. Atty., John L. Burke, Jr., Asst. U. S. Atty., Tyler, Tex., Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, and Robert Coe, of U. S. Dept. of Justice, Washington, D. C., for defendant.

SHEEHY, Chief Judge.

The plaintiffs, who are husband and wife, instituted this suit seeking to quiet title to three tracts of land situated in Grayson County, Texas, owned by the plaintiffs, and which tracts of land are the same lands described in the Designation of Homestead dated October 15,

1954, and recorded in Volume 775, Page 114, Deed Records of Grayson County, Texas, on which the defendant claims judgment liens by virtue of certain judgments previously entered in this Court in favor of the United States of America in Causes Nos. 576 and 577 on the docket of this Court. The defendant admits that it is asserting said judgment liens against said lands and by way of counterclaims seeks a foreclosure of its alleged judgment liens against said lands.

The pertinent facts are without dispute and are as hereinafter stated.

On September 14, 1948, the defendant paid Allen F. Marshall the sum of $4,276.13 as a refund of overpayment of his 1943 income tax, and on the same date paid to Marguerite Marshall the sum of $3,933.60 as a refund of overpayment of her 1943 income tax; on September 12, 1950, the defendant herein instituted Civil Action No. 576 in this Court seeking to recover from Allen F. Marshall the sum of $4,276.13 refunded to him, as aforesaid, and on said date instituted Civil Action No. 577 in this Court seeking to recover from Marguerite Marshall the sum of $3,933.60 refunded to her, as aforesaid; on December 15, 1952, in Cause No. 576 judgment was rendered in favor of the United States of America and against Allen F. Marshall for the sum of $4,276.13 refunded to him plus interest and cost, and on the same date in Cause No. 577 judgment was rendered in favor of the United States of America and against Marguerite Marshall for the $3,933.60 refunded to her plus interest and cost; on October 21, 1954, plaintiffs were adjudged bankrupt in Bankruptcy Proceedings No. 1460 in this Court; the defendant herein was listed as a judgment creditor in the Schedule of Creditors filed by the bankrupts, plaintiffs herein; the defendant herein filed claim in said bankruptcy proceedings as judgment creditor of the bankrupts by virtue of the judgments in Civil Actions Nos. 576 and 577 for the amount of said judgments, accrued interest thereon and court costs, which claim was allowed as an unsecured claim without priority; a

dividend was paid by the trustee in bankruptcy to the defendant herein on its said claim; on July 22, 1955, an order of discharge was entered in said bankruptcy proceedings discharging the plaintiffs herein "from all debts and claims which by the Act of Congress relating to Bankruptcy are made provable against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy;" and thereafter the defendant herein had the judgments, above referred to, abstracted and an abstract of each judgment was filed in the office of the County Clerk of Grayson County, Texas, on October 22, 1955, with the abstract of judgment in Cause No. 576 being recorded in Volume 9, Page 146 of the Abstract of Judgment Records of Grayson County, Texas, and with the abstract of judgment in Cause No. 577 being recorded in Volume 9, Page 145 of the Abstract of Judgment Records of Grayson County, Texas.

The three tracts of land, above mentioned, constitute the homestead of plaintiffs and at all times pertinent hereto constituted said homestead.

The broad question presented is whether the judgments in favor of the United States of America and against the plaintiffs herein for Internal Revenue taxes erroneously refunded were discharged by the subsequent bankruptcy of the plaintiffs so as to free the real property of the plaintiffs described in their complaint of the judgment liens arising by virtue of said judgments. The Bankruptcy Act (11 U.S.C.A. § 35) provides, in effect, insofar as here pertinent, that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except as are due as a tax levied by the United States. If plaintiffs' discharge in the bankruptcy proceedings released plaintiffs from their debts to the defendant herein by virtue of the judgments entered in Causes Nos. 576 and 577, the defendant has no lien on plaintiffs' real property here involved, but if said discharge in bankruptcy did not release plaintiffs from said debts, the

defendant has valid judgment liens on said real property of plaintiffs to the extent of the unpaid balance on said judgments and would be entitled to a foreclosure of said liens as prayed for in its counterclaims. The narrow question to be decided is whether plaintiffs' debts to the defendant created by the judgments in Causes Nos. 576 and 577 are debts "due as a tax levied by the United States" within the meaning of 11 U.S.C.A. § 35.

 The tax year here involved is 1943. There is no indication that the Commissioner of Internal Revenue ever made or attempted to make a deficiency assessment against the plaintiffs, or either of them, as to their 1943 income taxes. Absent evidence to the contrary it must be assumed that the plaintiffs timely filed by not later than March 15, 1944, their respective income tax returns for the year 1943, and at the time such income tax returns were filed the full amounts of income taxes owed by plaintiffs on their 1943 incomes as shown by their returns were paid. Even if there were additional liability on the part of the plaintiffs, or either of them, for the 1943 income tax, the Government, under the provisions of Sec. 275 of the 1939 Internal Revenue Code, 26 U.S.C.A. § 275, was barred from asserting any such additional liability against the plaintiffs, and each of them, at the time the refunds were made to plaintiffs in September, 1948.

 Were the suits (Causes Nos. 576 and 577) instituted by the United States against the plaintiffs herein, the defendants therein, suits for taxes levied by the United States? I think not. When the plaintiffs paid their respective income taxes for the year 1943, such taxes as to the plaintiffs were extinguished and the subsequent refunds to the plaintiffs of a portion or all of the money paid by them as 1943 income taxes did not restore the taxes.[1] Defendant's suits against the plaintiffs (Causes Nos. 576 and 577) were no more than what they appeared to be, i. e., demands for the repayment to the Government of moneys which had been illegally and by mistake paid by an officer of the United States to the plaintiffs herein, and, therefore, the sums found to be due the United States in those cases as set out in the judgments in those cases were not debts of the plaintiffs due the United States as a tax levied by the United States, and this is so notwithstanding the provisions of Sec. 3746(b), Internal Revenue Code of 1939, 26 U.S.C.A. § 37-46(b). It is well established that the Government by appropriate action can recover funds which its agents have wrongfully, erroneously or illegally paid to another, and no statute is necessary to authorize the United States to sue in such a case, the right to sue being independent of statutory authorization.[2] Sec. 3746 of the Internal Revenue Code of 1939 did not grant the Government a new right with reference to recovering for an erroneous tax refund but only placed a limitation on the Government's long established right to sue for money wrongfully or erroneously paid from the public treasury.[3]

Judgment will be entered decreeing that the judgments in said Causes Nos. 576 and 577, above referred to, were extinguished and discharged by the order of discharge in Bankruptcy Proceedings No. 1460 in this Court, above referred to, quieting plaintiffs' title to the lands described in plaintiffs' complaint and denying defendant all relief sought by it herein.

This memorandum decision will constitute the findings of Fact and Conclusions of Law herein as authorized by Rule 52, Fed.Rules Civ.Proc. 28 U.S.C.A.

1. Talcott v. United States, 9 Cir., 23 F. 2d 897, 901, certiorari denied 277 U.S. 604, 48 S.Ct. 601, 72 L.Ed. 1011; Kelley v. United States, 9 Cir., 30 F.2d 193; Woolner Distilling Co. v. United States, 7 Cir., 62 F.2d 228; United States v. Bartron, D.C., 35 F.2d 765, 767.

2. United States v. Wurts, 303 U.S. 414, 415, 58 S.Ct. 637, 82 L.Ed. 932.

3. United States v. Wurts, supra.