## CHAMP SPRING CO. v. UNITED STATES.
### No. 8835.*

Circuit Court of Appeals, Eighth Circuit.
Feb. 14, 1931.

Rehearing Denied March 23, 1931.

C. P. Fordyce and Chase Morsey, both of St. Louis, Mo. (Walter R. Mayne, of St. Louis, Mo., Henry J. Richardson, of Washington, D. C., and Fordyce, Holliday & White, of St. Louis, Mo., on the brief), for appellant.

Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo. and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and WYMAN, District Judge.

GARDNER, Circuit Judge.

This is an action brought by the appellant as plaintiff below against the United States to recover $22,975.76 as for money had and received. No questions are raised on the pleadings. The action was brought under the provisions of the so-called Tucker Act, subdivision 20 of section 41, title 28, USCA. This provision of the act specifically provides that all suits brought thereunder shall be tried by the court without a jury. The action was tried on a stipulation of facts and certain oral testimony, and it is not claimed that there is any dispute as to the facts.

*Certiorari denied 51 S. Ct. 560, 75 L. Ed. —-.

During the period from February 24, 1919, to June 30, 1922, plaintiff was engaged in the manufacture and sale of leaf springs, and during said period made monthly returns of its sales and paid a tax of 5 per cent., shown to be due by said returns, the total payments so made amounting to $34,403.03. On August 8, 1922, the then Commissioner of Internal Revenue promulgated a rule to the effect that automobile leaf springs such as were manufactured by plaintiff were not taxable under the provisions of the Revenue Law, and thereupon the plaintiff filed a claim for refund of the taxes so paid by it, together with interest, which claim was allowed and the moneys so received on account of said taxes were returned to the plaintiff. On December 17, 1923, the Commissioner promulgated a tax ruling, reversing his former ruling, holding that the leaf springs used on automobiles were subject to the tax. The Commissioner then attempted to make another assessment against the plaintiff in the total sum of $35,491.67, the amount refunded, and on or about January 15, 1924, demanded payment thereof from plaintiff. This supplemental assessment covered the same sales of leaf springs during the period above mentioned, with respect to which plaintiff's claim for refund had been allowed and paid. The Commissioner thereafter abated $12,515.91 of this supplemental assessment on the ground that such portion of the assessment was barred by the statute of limitations, leaving a balance of $22,975.76. This amount was collected from the plaintiff in installments; the first installment of $500 being paid April 4, 1924, the second installment of $500 being paid May 2, 1924, and the third installment of $21,975.76 being paid June 5, 1925, receipts being issued by the former collector of internal revenue for said payments, reciting on their face that the payments were made under protest, and it was claimed that the payments were made under threat of distraint. The lower court determined as a matter of law that the plaintiff was not entitled to recover, and, from a judgment dismissing its action, this appeal is prosecuted.

The taxes in the first instance were properly collected as excise taxes. Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051. The refund to the plaintiff was therefore erroneous, and the government might have maintained an action for the recovery of these government funds so erroneously paid to the plaintiff. Talcott v. United States (C. C. A.) 23 F.(2d) 897, 901; Kelley v. United States (C. C. A.) 30 F.(2d) 193; United States v. Standard Spring Mfg. Co. (D. C.) 23 F.(2d) 495; United States v. Bartron (D. C.) 35 F.(2d) 765; Wisconsin Central R. R. Co. v. United States, 164 U. S. 190, 17 S. Ct. 45, 51, 41 L. Ed. 399.

In Talcott v. United States, supra, decided by the Circuit Court of Appeals of the Ninth Circuit, it is said: "They (the authorities cited) establish the principle that it is immaterial whether payments which are thus sought to be recovered were made under mistake of law or mistake of fact, that the only question is whether they were paid without legal authority or legal liability therefor, and that the repayment to a taxpayer of a sum paid for taxes is not a final determination of his right to receive the same, that the government may recover as for money had and received all payments illegally paid by a public officer, and that the decisions of executive officers in making such payments are not judicial and are not binding on a court. United States v. Burchard, 125 U. S. 176, 8 S. Ct. 832, 31 L. Ed. 662."

The rule of law is stated by the Supreme Court of the United States in Wisconsin Central R. R. Co. v. United States, supra, as follows: "As a general rule, and on grounds of public policy, the government cannot be bound by the action of its officers, who must be held to the performance of their duties within the strict limits of their legal authority, where, by misconstruction of the law under which they have assumed to act, unauthorized payments are made."

It is to be observed also that, at the time the revenue officer demanded and received repayment of the funds involved in this action, the government's right to proceed by action to recover as for money had and received had not been barred by any statute of limitations. We have, therefore, a situation in which the plaintiff had possession of these funds through the erroneous act of the collector of internal revenue in refunding them to it. They were government funds, which, confessedly, the government might have recovered in a proper action. But it is contended by the plaintiff that, because the government did not resort to such an action, but instead possessed itself of these funds through unwarranted threats of duress by its officers, therefore it has now a right to recover them.

In the view we take of the issues, it is not necessary to determine whether the collector of internal revenue had authority to make the reassessment. As has been observed the plaintiff's action is in the nature of

a suit for money had and received. While this is an action at law, it is nevertheless governed by equitable principles, and it can be maintained only when one has money in his hands belonging to another, which in equity and good conscience he ought to pay over to that other. The issue in this case is: To whom does the money in equity, justice, and good conscience belong? If the plaintiff fails to show that it has a superior right to that of the defendant, it cannot recover. Keyes v. First National Bank of Aberdeen (C. C. A.) 25 F.(2d) 684, 688; D. W. Bosley Co. v. Wirfs (C. C. A.) 30 F.(2d) 667; Millett v. Omaha Natl. Bank (C. C. A.) 30 F.(2d) 665; Holland Land & Loan Co. v. Holland, 317 Mo. 951, 298 S. W. 39, 45; Henderson v. Koenig, 192 Mo. 690, 91 S. W. 88; St. Charles Savings Bank v. Orthwein Investment Co., 160 Mo. App. 369, 140 S. W. 921; Hellman v. National Council K. & L. S., 198 Mo. App. 308, 200 S. W. 698; Wilson v. Torchon Lace, etc., Co., 167 Mo. App. 305, 149 S. W. 1156; Copper Belle Mining Co. v. Gleeson, 14 Ariz. 548, 134 P. 285, 48 L. R. A. (N. S.) 481.

In Keyes v. First National Bank, supra, this court, in discussing the nature of an action to recover money had and received, said: "The action of assumpsit for money had and received is equitable in its essential nature and purpose. It lies for money which ex aequo et bono the defendant ought to refund. The underlying promise is only implied, imposed by law from the facts; and the imposition will not be made if unjust to defendant."

The Supreme Court of Missouri in Holland Land & Loan Co. v. Holland, supra, said: "The action for money had and received is one at law, but is governed by equitable principles."

It was therefore incumbent upon the plaintiff, to entitle it to recover, to show, not that the defendant had by some illegal method secured these funds, but that the plaintiff had a better right to them than the defendant. The funds were erroneously refunded to plaintiff by an officer of the government. They confessedly belonged to the government. It cannot therefore be said that in equity and good conscience the plaintiff, as against the defendant, was entitled to this money. Before it could recover, it must show a better right thereto than that of the government, and this it has failed to do. If the plaintiff has suffered any damage by reason of the wrongful acts of the revenue officers in resorting to distraint instead of resorting to an action at law, it has its remedy, but the mere fact of such irregularity does not create in the plaintiff, in equity and good conscience, a right to recover these funds.

It is, however, urged by the plaintiff that it ought to be permitted to recover, because, at the time it commenced this action, the government's right to recover the refunded taxes had been barred by the statute of limitations. The government, however, was not seeking to maintain an action to recover this money. It already had the money, having collected it at a time that it might have recovered it in an action at law. In this action the government did not plead any cause of action and was not seeking to recover, but was simply denying plaintiff's right of recovery. A statute of limitations is a statute of repose, to be invoked as a bar to the maintenance of an action, but it cannot be invoked as the basis for a cause of action, because a party's right to relief is dependent upon the strength of his own cause of action, and not the weakness of his adversary's defense or claim. Here the burden was on the plaintiff to prove, as against the defendant, its right, in equity and good conscience, to these funds, and it cannot establish such right by delaying its action until the statute of limitations would bar an action by the owner, and then seek to recover from the government money in possession of the government to which the plaintiff has no equitable right.

The judgment of the lower court correctly determined the issues in this case and is affirmed.