354

STONE et al. v. WHITE, Collector of Internal Revenue.

No. 5112.

District Court, D. Massachusetts.
Oct. 4, 1934.

Burdett, Wardwell & Ranney and Thomas Allen, all of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

This action at law for the recovery of $24,870.66 and interest thereon was heard on September 20, 1934, and at the request of one of the parties the trial was continued until to-day in order to afford opportunity for counsel to present a brief and save their rights as to such rulings as might then be made.

The defendant's motion for judgment, which was presented seasonably, was denied, subject to his exception duly taken during the trial.

The facts are as stated in the agreed statement of facts, which is made a part of this memorandum. It discloses, among other things, the following:

The plaintiffs at all times material to this controversy were and still are the trustees under the will of Galen L. Stone, deceased. · The plaintiff Robert G. Stone, as trustee, filed income tax returns on March 15, 1929, one on Form 1041 showing income received and amounts paid by the plaintiffs as trustees to Carrie M. Stone, sole beneficiary under the trust created by the will of Galen L. Stone, and on Form 1040 showing taxable profits received by the plaintiffs as trustees during the calendar year 1928, which sum was not payable to the beneficiary and which return did not include amounts of income reported on Form 1041. On these returns there was assessed to the plaintiffs as trustees and paid by them the sum of $3,012.70 in the following installments:

March 15, 1929, $749.90.
April 26, 1929, $13.12.
June 15, 1929, $749.90.
September 15, 1929, $749.89.
December 15, 1929, $749.89.

As a result of a review and audit, the Commissioner of Internal Revenue determined a deficiency of $21,982.80, against the plaintiffs as trustees, and said amount together with interest amounting to $2,809.-28, or $24,792.08, was assessed and paid under protest on May 18, 1931. With the letter of February 12, 1931, determining such deficiency, was a statement that income from property held by the trust under the will of Galen L. Stone to satisfy annual payments to the widow in lieu of her dower or statutory interest is not an allowable deduction in the return of the trust prior to such time as such payments equal the value of her dower or statutory interest in her deceased husband's estate.

Of the total tax and interest paid, the amount for which recovery is sought, $24,-870.66, plus interest from the dates of payment, is due to the denial of the Commissioner of Internal Revenue of a deduction on account of the amount of income paid to Carrie M. Stone, under section 162 (b) of the Revenue Act of 1928 (26 USCA § 2162 (b), reading, so far as material, as follows:

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries. * * * But the amount so allowed as a deduction shall be included in computing the

net income of the beneficiaries whether distributed to them or not."

On May 28, 1931, the plaintiffs filed a claim for refund of said income tax alleged to have been illegally collected on income received by them as such trustees during the year from January 1, 1928, to December 31, 1928, a copy of which is made a part of the agreed statement of facts. This claim for refund was denied by the Commissioner of Internal Revenue by a letter dated September 25, 1931.

Other facts, the relevancy whereof is denied by the plaintiffs, are that the said Carrie M. Stone, the sole beneficiary under the trust created by the will of Galen L. Stone, filed an individual income tax return for the year 1928 on March 19, 1929, disclosing a tax due of $37,441.35, which was duly paid. Mrs. Stone did not return for taxation any portion of the $153,545.30 received by her from the plaintiffs as trustees under the will of Galen L. Stone, as set forth in Form 1041, filed by the plaintiff Robert G. Stone. Mrs. Stone's return contains the following statement: "Income from trust Galen L. Stone u/w of is not included in accordance with Bolster Decision (D8286)." No tax has been paid by said Carrie M. Stone on any portion of said income. If said income is added to the income reported by Mrs. Stone, the additional tax thereon would be in excess of the amount sought to be recovered in this action. The statute of limitations on the assessment and/or collection of any income tax against said Carrie M. Stone has expired.

■ The defendant's answer, after a general denial, sets forth substantially the foregoing facts, which are taken by me from the agreed statement, and concludes by saying that in equity and good conscience the plaintiffs should not recover any portion of the amount sought to be recovered in this action.

These facts raise the question whether the Department was right in assessing and collecting that portion of the tax paid by the plaintiffs which was due to including in the plaintiffs' income the amount of income currently payable to Mrs. Stone, the sole beneficiary under the trust created by the will of her husband. The defendant, in the light of the Butterworth Case, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, virtually concedes, and I conclude, that the tax was illegally assessed, and should be recovered in this action, unless the facts heretofore found with reference to Mrs. Stone's not having been assessed for and not having paid any tax upon the income received by her, in connection with the fact that any claim therefor against her is barred by the statute of limitations, create a situation such as to prevent the plaintiffs' maintaining their action.

■ Notwithstanding Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293, and the statute permitting equitable defenses (28 USCA § 398), the fact that the government did not seasonably pursue its remedy against Mrs. Stone within the time when it could have done so, and the fact that Mrs. Stone has paid no tax on the income in question, do not constitute a defense to this action by trustees, whose trust, for income tax purposes, is an entity separate and distinct from the beneficiary of the trust.

The same conclusion is reached if the trust is not regarded as an entity. The trustees jointly own a legal chose in action, and a barred claim at law against one of them cannot be used as a defense to an action by them both. No real authority for the position taken by the defendant has been supplied, and I have found none.

Let judgment be entered for the plaintiff in the sum of $24,870.66, and interest from the time of payment.