## WHITE v. STONE et al. *
### No. 30,19.

Circuit Court of Appeals, First Circuit.
May 25, 1935.

Joseph M. Jones, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for appellant.

Thomas Allen, of Boston, Mass. (Burdett, Wardwell & Ranney, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

*Writ of certiorari denied 56 S. Ct. 112, 80 L. Ed. —.

BINGHAM, Circuit Judge.

This is an action at law brought by Robert G. Stone and Carrie M. Stone, trustees under the will of Galen L. Stone, in which they seek to recover, in the first count, the sum of $24,870.66 and interest from the date or dates of payment as money had and received for the plaintiffs' benefit.

In the second count they alleged that they paid to the defendant under protest the sum of $24,995.50, stating the dates of the payments; that as trustees in their return of income received by them during the calendar year 1928 they disclosed income received and amounts paid to Carrie M. Stone, sole beneficiary under the will of Galen L. Stone, and, at the same time, filed a return showing taxable profits received by them as trustees during the calendar year 1928, which sum was not payable to said beneficiary, and the return disclosing the same did not include the amounts of income received and paid to Carrie M. Stone; that the Department of Internal Revenue, after examination of the returns, included the income paid to the beneficiary as income taxable to the plaintiffs as trustees, resulting in a tax thereon of $24,995.50; that this action of the Department was illegal and erroneously denied to the plaintiffs the right to deduct the income paid the beneficiary under the provisions of the Revenue Act of 1928 (26 USCA § 2001 et seq.).

In answer to the plaintiffs' declaration, the defendant pleaded the general issue, and as an equitable set-off or defense further answered that, under the will of Galen L. Stone, the plaintiff, Carrie M. Stone, was named as sole trustee and was the sole beneficiary for her life. That the plaintiff, Robert G. Stone, was appointed trustee to act with Carrie M. Stone. That on March 19, 1929, Carrie M. Stone filed her individual income tax return for the year 1928 reporting a net income in the amount of $224,706.53 and disclosing a tax due in the amount of $37,441.35, which was duly paid. That in said return Carrie M. Stone did not include for taxation any portion of the income of $153,545.37 received by her from the plaintiffs as trustees under the will of Galen L. Stone, and that her return contains the following statement:

"Income from Trust—Galen L. Stone u/w of is not included in accordance with Bolster Decision (D8286)."

That the taxes which Carrie M. Stone should have paid to the defendant on account of said income of $153,545.37 are largely in excess of the amount claimed in the plaintiff's declaration. That the assessment and/or collection of the taxes against Carrie M. Stone are now barred by the statute of limitations. That the plaintiffs, as trustees, and Carrie M. Stone are the same parties in interest. That any recovery by the plaintiffs in this action will inure to the benefit of Carrie M. Stone and that the income in question will not be taxed.

It appeared that Galen L. Stone by his will, after making certain specific bequests, bequeathed the residue of his property to his wife, Carrie M. Stone, as trustee, to pay over the net income to herself at such times and in such amounts as she may deem best for and during her natural life, that Robert G. Stone was afterwards appointed a cotrustee, and that the facts alleged in the plaintiffs' declaration as to the making of returns and the assessment and payment by plaintiffs of $24,995.50 on the income paid by them to the beneficiary in the year 1928 are correct. It also appeared that a claim for refund was duly made, that the claim was denied and this suit seasonably brought, and that the facts alleged by the defendant in his answer as an equitable set-off or defense are true.

The controversy arises out of the denial by the Commissioner of a deduction of the income paid to Carrie M. Stone in 1928, which the plaintiffs claim should have been deducted under section 162 (b) of the Revenue Act of 1928, 26 USCA § 2162 (b), which provided:

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

It seems that at the time of the assessment and collection of these taxes in 1929 the Courts of Appeals for this Circuit [United States v. Bolster, 26 F.(2d) 760, 59 A. L. R. 491], for the Second Circuit [Warner v. Walsh, 15 F.(2d) 367], and for the Eighth Circuit [Allen v. Brandeis, 29 F.(2d) 363] had held that, when a widow relinquishes her statutory rights in her husband's estate (as Mrs. Stone did in this case) by electing to take in lieu thereof the provisions made for her in his will, she acts as purchaser for a valuable consideration, and the income thereafter paid to her under the trust constitutes a return of capital until the payments equal the value of her statutory rights, and consequently are not taxable to her as a beneficiary. See, also, Atkins v. Commissioner, 63 F. (2d) 88 (C. C. A. 1st. Cir., decided January 31, 1933). It was because of these decisions and of the fact that Mrs. Stone, at the time of the assessment, had not received the value of her statutory rights, that the Commissioner included the income for 1928 paid to Mrs. Stone in the assessment against the trustees and omitted to assess the same against Mrs. Stone. In fact, it was not until December, 1933, that the Commissioner learned that the decision of this court in United States v. Bolster and the like decisions in the Second and Eighth Circuits were not the law, when the Supreme Court in Helvering v. Butterworth, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, decided that the income distributed to the beneficiary under the circumstances of this case should have been taxed to the beneficiary and not to the trustees.

The only question before the District Court was and this court is whether the defendant in his answer stated a good equitable set-off in defense of the suit, Mrs. Stone not having been assessed for or paid any tax upon the income received by her, and the time within which a tax could be assessed and collected against her having expired. Section 275 of the Revenue Act of 1928 (45 Stat. 856, 26 USCA § 2275).

In the District Court (8 F. Supp. 354, 355) it was held that: "The fact that the government did not seasonably pursue its remedy against Mrs. Stone within the time when it could have done so, and the fact that Mrs. Stone has paid no tax on the income in question, do not constitute a defense to this action by trustees, whose trust, for income tax purposes, is an entity separate and distinct from the beneficiary of the trust. The same conclusion

is reached if the trust is not regarded as an entity. The trustees jointly own a legal chose in action, and a barred claim at law against one of them cannot be used as a defense to any action by them both."

Section 274b of the Judicial Code (38 Stat. 956, title 28 USCA § 398) provides:

"Sec. 274b. In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. * * *"

The District Court was of the opinion that, because the plaintiffs, as trustees, jointly owned a claim or right of action against the government and the government owned a legal claim against one of them, the assessment and collection of which was barred, the special matter pleaded did not state an equitable defense. This is not necessarily so. Roelker v. Bromley-Shepard Co., Inc. (C. C. A.) 73 F.(2d) 618, 619. That case was a bill in equity brought by Bromley-Shepard Company, Inc., and Sarah Bromley Shepard to compel the defendant Roelker, as receiver of an insolvent national bank, to allow, as a set-off against their joint note held by the bank, a claim of one of the joint makers, and it was held that the set-off should be allowed and the receiver enjoined from bringing suit against the joint obligors on the note as he threatened to do. In that case it appeared that Bromley-Shepard Company, Inc., and Sarah Bromley Shepard, at the time the assets of the bank were taken over by the receiver, were indebted to the bank on their joint note for $5,000; that Sarah Bromley Shepard, individually, had a deposit in the bank in the sum of $6,275.13 and the corporation a deposit in the sum of $5,611.10; and $5,000 of the deposit of the corporation was allowed to be offset against the note. It was there said:

"Conceding that at law, and generally in equity, a claim of one of two joint obligors cannot be set off against the joint debt, it is well established that, where justice requires, and there is no adequate remedy at law, a court of equity under such circumstances will order a set-off, and a

bill in equity to compel such set-off is a proper form of remedy."

In Scott v. Armstrong, 146 U. S. 499, 507, 13 S. Ct. 148, 150, 36 L. Ed. 1059, the court said:

"Courts of equity frequently deviate from the strict rule of mutuality [of obligations] when the justice of the particular case requires it, and the ordinary rule is that, where the mutual obligations have grown out of the same transaction, insolvency on the one hand justifies the set-off of the debt due upon the other."

In this case Mrs. Stone is not insolvent, but the government has lost its remedy against her for the collection of the tax imposed on the income paid to her in 1928, due to no fault on its part or its officers; they having acted in conformity to law as then understood and applied in this circuit and elsewhere. It cannot be said that the government was negligent in assessing the tax against the trustees rather than against Mrs. Stone; this court having held that that was the only thing they could do.

Mrs. Stone is alive and the sole beneficiary under the trust. If the trustees are allowed to recover, it will redound to her benefit, and it is agreed that, had the income in question been taxed to her instead of to the trustees, she would have been required to pay a greater sum than will be offset by the allowance of this plea. Clearly no injustice will be done her by so doing. Furthermore, Mrs. Stone, the sole beneficiary, is the real plaintiff in interest, and equity and justice require that her tax liability should be offset against the claim of the trustees.

In Thornton v. Maynard, 33 Law Times Reports (N. S.) 433, 435, it was said:

"Where the plaintiff is suing merely as trustee, and the defendant has a claim against the cestui que trust which, but for the intervention of the trust could have been set off at law, such claim can be set off in equity."

In 2 Parsons on Contracts (9th Ed. 1904) p. 905, it is stated:

"When an action is brought by * * * a trustee, in that capacity, money due * * * from the cestui que trust may be set off; for it will be considered that the party in interest and not merely the party of record, is the one * * * against whom the set-off should be made."

In Massachusetts, where this suit was brought, the view entertained by the English court and Parsons on Contracts is embodied in a statute (G. L. Mass. 1921, c. 232, § 5) as follows:

"Section 5. In an action brought by one person in trust or for the use or benefit of another, the defendant may set off a claim against the beneficiary."

See, also, Jump v. Leon, 192 Mass. 511, 78 N. E. 532, 116 Am. St. Rep. 265; Western Securities Co. v. Spiro, 62 Utah, 623, 221 P. 856, and Driggs v. Rockwell, 11 Wend. (N. Y.) 504.

In this situation the case falls within the principle of Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293. See, also, Bull v. United States (U. S.) 55 S. Ct. 695, 295 U. S. 247, 79 L. Ed. —, decided April 29, 1935.

The judgment of the District Court is vacated and judgment will be entered for the defendant; costs to the defendant in both courts.

MORTON, Circuit Judge (concurring).

I concur in the result but upon grounds so different from those relied on in the majority opinion that I will state them. I do not think that in an action at law a claim barred by the statute of limitations can be availed of as a set-off, either directly or under the guise of an equitable defense. In such matters I understand the rule to be that equity follows the law.

It is well settled that an action to recover taxes alleged to have been illegally collected is, essentially, an action for money had and received and is equitable in character and that it devolves upon the plaintiff in such an action to establish that in justice and equity the money sued for belongs to him. Champ Spring Co. v. U. S., 47 F.(2d) 1 (C. C. A. 8), citing authorities. Here, by a mistake for which its officers were in no way to blame, the government collected the tax from the trustees instead of from the beneficiary. If the tax is repaid to the trustees, it will by them be turned over to the beneficiary. As collection from her is barred by limitation, the result will be that the government will lose a tax to which it was justly entitled, and the beneficiary will escape a tax which she ought to have paid. These facts ought not to be ignored. They show that the government is not withholding from the plaintiffs money which in justice it ought not to retain. See Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293. In the Champ Spring Co. Case, supra, the government by mistake refunded a tax; the mistake was noticed, and the government officers then proceeded by wholly illegal methods to compel the repayment of the refund; the time for legal collection of the tax expired; and the taxpayer brought suit to recover the sum illegally taken from it. It was held that the taxpayer was not entitled to recover. The principles underlying that decision are applicable here.