**FIRST NAT. BANK OF BIRMINGHAM et al.**
**v. UNITED STATES.**

No. 4466–B.

District Court, N. D. Alabama, S. D.

Aug. 22, 1935.

Bradley, Baldwin, All & White, of Birmingham, Ala., for plaintiffs.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe and Thomas G. Carney, Sp. Assts. to the Atty. Gen., and Jim C. Smith, U. S. Atty., and William R. Bradford, Asst. U. S. Atty., both of Birmingham, Ala., for the United States.

GRUBB, District Judge.

This is an action to recover the sum of $3,044.27, representing taxes alleged to have been overpaid on the income for the year 1930 of the trust created under the will of J. C. Patterson, deceased resident of Birmingham, Ala. The case was tried before the court, sitting without a jury, and the facts, for the most part stipulated, may be summarized as follows: Under the will of J. C. Patterson, deceased, the plaintiffs, the First National Bank of Birmingham and decedent's widow, Christina Patterson, were named trustees to hold his residuary estate and to pay the income therefrom to the widow, Christina Patterson, during her life. The pertinent provision of the will is, in part, as follows: "(b) The Trustees shall hold said trust estate in trust for the use and benefit of my wife, Christina Patterson, for and during her lifetime and shall pay over to her in such installments as may be found most

satisfactory to her, the entire net income from said trust estate. If at any time in the opinion of said Trustees the net income from said trust estate shall not be sufficient for the proper support and comfort of my said wife, the Trustees shall pay over to my said wife such additional sum or sums out of the principal of said trust estate as to them may seem necessary or desirable for such purposes."

The widow elected to take under the will in lieu of her dower and/or statutory rights. The plaintiff bank, with the knowledge, consent, and approval of the individual plaintiff, was the active trustee, keeping the records of the trust, preparing and filing the income tax returns filed and the claim for refund on the rejection of which this suit is brought.

The plaintiff bank, on March 14, 1931, filed an individual income tax return on Treasury Department Form 1040, disclosing a net income to the trust of $40,164.58 and a tax due and payable thereon in the amount of $3,044.27, which was thereafter paid. The sum of $40,010.83 had been distributed or was distributable by the plaintiffs to the widow out of the net income of the trust for the calendar year 1930. Neither the plaintiff bank nor the individual plaintiff filed a fiduciary return of the income of the trust for the year 1930. The widow, on March 6, 1931, filed her individual income tax return for the calendar year 1930 disclosing a taxable net income of $32,442.93 on which she paid a tax of $1,945.62. However, none of the income received by her from the trust was included in her return.

In the stipulation of facts it is shown that the tax in the amount of $3,044.27, paid by the plaintiffs, was charged to the principal of the trust as and when paid, but that thereafter the principal was reimbursed out of income otherwise distributable to the widow in the year 1932. This accounting practice had been followed in the years preceding the year 1930. It is also stipulated as a fact, subject however to plaintiffs' objections to its relevancy, that, had the widow included in her return, as income subject to tax, the income which was distributed or distributable to her during the year 1930, she would have paid additional tax in excess of the amount of tax paid by the plaintiffs which they now seek to recover. The assessment and collection of any additional tax from the widow for the calendar year 1930 was barred two years after her return was filed. Section 275, Revenue Act of 1928, c. 852, 45 Stat. 791, 856 (26 USCA § 275 and note).

The plaintiff bank, as active trustee, on March 11, 1933, filed a claim for refund of the tax of $3,044.27, paid on the net income of the trust, on the ground that it had failed to take as a deduction from the net income of the trust the amount of income distributed or distributable to the widow during the year 1930. The plaintiffs claim the right to the deduction under section 162 (b) of the Revenue Act of 1928 (26 USCA § 162 (b) and note), the material part of which is as follows: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributable currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

The defendant practically concedes that the plaintiffs were entitled to take as a deduction from the net income of the trust the amount of income distributed or distributable to the widow during the year 1930. Helvering v. Butterworth, 290 U. S. 365, 54 S. Ct. 221, 222, 78 L. Ed. 365. Defendant, however, interposed the defense that, since the Butterworth Case, supra, is equally authoritative on the responsibility of the widow to pay a tax on the income, which she has not done, and as the defendant is precluded by the applicable statute of limitations from proceeding against her, plaintiffs in equity and good conscience are not entitled to recover, because they are merely nominal parties suing for the benefit of the widow, the real party in interest, to whom any recovery by them must necessarily inure.

Defendant also urges that the doctrine of estoppel be invoked against plaintiffs on the grounds that they elected to decline to take this deduction; that the return filed by the plaintiff bank did not disclose to the Commissioner of Internal Revenue that any amounts had been distributed or were distributable to the widow which might have been deducted by them, or that the tax paid by them was in excess of that properly due and owing; and since the commissioner relied upon the payment by the plaintiffs as in full satisfaction of

any tax due and payable on the income of the trust, plaintiffs are now barred from changing their position to the damage of the defendant, since it cannot now assess the tax where, strictly speaking, it belongs, i. e., on the widow. Defendant further urges as a fact in support of its plea of estoppel that the widow, the real party in interest in this proceeding, has benefited by the method in which the income of the trust has been taxed.

This court does not agree that plaintiffs are estopped from now claiming this deduction to which the trust was evidently entitled. Defendant does not establish any facts on which it may base estoppel of any kind against plaintiffs.

■ With reference to the equitable defense interposed by defendant, plaintiffs urge that the same is not available to the defendant for the reason that it is an attempt to set off or recoup out of a claim due one taxpayer a debt owed defendant by another taxpayer. Plaintiffs advance the further argument that, a claim, on which an affirmative action by defendant was barred by the statute of limitations at the time the plaintiffs' action accrued, may not be availed of as a defense in the nature of an equitable set-off or recoupment in the main action. The recent case of Ernest M. Bull, Sole Surviving Executor & Trustee of the Estate of Archibald H. Bull, deceased, v. United States, 295 U. S. 247, 55 S. Ct. 695, 79 L. Ed. 1421, decided by the Supreme Court of the United States, April 29, 1935, seems definitely to overcome the last-mentioned argument of the plaintiffs. In that case the Supreme Court, speaking of recoupment, says that such a defense is never barred by the statute of limitations so long as the main action itself is timely. The case of Conner v. Smith, 88 Ala. 300, 7 So. 150, was cited by the Supreme Court in support of its decision. The Alabama case says (88 Ala. 300, page 311, 7 So. 150, 153): "So long as the contract, upon a breach of which the claim is predicated, subsists, and may be enforced, the claim itself may be pleaded in reduction, at least, of the demand on the contract; and this, notwithstanding the matter of recoupment, independently considered, may be barred, not only when it is pleaded, but also when the right of action, against which it is asserted, accrued. Wood, Lim. pp. 602, 603, § 282." The statute of limitations, therefore, being no bar to the assertion of the equitable defense interposed by defendant, this court will concern itself with deciding whether or not the facts establish it as an effective defense. The solution should be found when a realistic view of the situation is taken. "Taxes are very real things and statutes imposing them are estimated by practical results." Nichols v. Coolidge, 274 U. S. 531, 541, 47 S. Ct. 710, 713, 71 L. Ed. 1184, 52 A. L. R. 1081.

Plaintiffs contend that section 162 (b), supra, when properly interpreted, indicates an intention on the part of Congress to treat a trust and its beneficiary as separate and distinct taxable entities, and, from that proposition, argue that an overpayment due the former may not be credited against a deficiency due from the latter, and may not be treated as a payment by, or on behalf of, the latter.

Defendant concedes that a trust and its beneficiary are treated as separate taxable entities, but insists that that treatment should not be extended to the point of nullifying the general purpose of the income tax laws, namely, to tax the income of all persons, including estates and trusts. The Supreme Court of the United States, in Helvering v. Butterworth, supra, interpreted the section above quoted as follows: "The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to a beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted."

Section 161 of the Revenue Act of 1928, chapter 852, 45 Stat. 791, 838 (26 USCA § 161 and note), details the types of trust income to be included in computing the net income of the trust. Section 162, supra, specifies the additional deductions that may be taken from that net income when computed. A study of those two sections reveals that the trust pays a tax only on such part of its net income that it cannot distribute, either because the beneficiary is unascertained, hence not taxable, or because the income must be accumulated for future distribution, and the beneficiary, having but a contingent interest in the income, should not be compelled to pay a tax on income which he has not yet

received and may never get. Any income which represents an increase in the principal of the trust, such as capital gains from the sale of parts of it, is taxed to the trust, because obviously the beneficiary is entitled only to the income of the trust, and not to any part of the principal. Congress clearly intended to place the burden of the tax upon any beneficiary of a trust who was ascertainable and who had either received the income or had a present right to receive it. In cases where the beneficiary is not ascertainable or has not received the income, nor has a present right to receive it, Congress has left the income in the net income of the trust, subject to tax to that entity.

Without this treatment undistributable or undistributed trust income would not be taxed in cases where the beneficiary was not ascertained or had no present right to the income, or else, even though the beneficiary was known and was currently receiving the income, double taxation would result on income out of which only one person was receiving any real benefit, i. e., the beneficiary. In the opinion of this court, no other provision of the income tax law is fairer to the taxpayer or better designed to accomplish its purpose. When the term "taxpayer" is used, the court realizes that, in this case, the trust was nominally that party, but, since the tax was paid out of money otherwise distributable to her, the financial burden was ultimately that of the beneficiary. Cf. White v. Hopkins, 51 F.(2d) 159 (C. C. A. 5th). The Supreme Court of the United States in Freuler v. Helvering, 291 U. S. 35, 41, 42, 54 S. Ct. 308, 311, 78 L. Ed. 634, speaking of the ownership of trust income, said: "The beneficiary's share of the income is considered his property from the moment of its receipt by the estate." Here, the widow was the taxpayer, if that term be measured by the cost to her in dollars and cents—the practical and real standard of measurement. Congress recognized this fact by providing in the law that a deduction could be made by a trust of its distributable income on which a tax was to be paid by the beneficiary. Then the burden falls but once and upon the person getting the benefit of the income. It is not difficult to imagine the complaints that would arise if some future Congress should accept, as literally true, the argument that a trust of this kind and its beneficiary are totally distinct entities, and, on that ground, should eliminate the provision of the law herein involved. Since Congress has not disregarded the actualities, this court will likewise take note of them. "Tax laws deal with actualities, and the rules prescribed by Congress are intended to produce practical results, when applied by untechnical men." Jacobs v. Commissioner, 34 F.(2d) 233, 235 (C. C. A. 8th).

■ This court, therefore, is unable to agree with the contention of plaintiff, that, under the Revenue Acts, a trust and its beneficiary are such separate and distinct taxable entities that the Commissioner of Internal Revenue must disregard the true situation in its practical and equitable aspects, when a trust demands a refund of taxes paid upon income which has gone into the hands of its beneficiary freed of its proper share of taxation, and when that refund, if obtained, will inure to the beneficiary. Clearly the statute recognizes a unity of interest in the income of a trust between the latter and its known beneficiary rather than irreconcilable adverse interests. The provision, as an expression of legislative grace, should not be given a strained legal interpretation that would operate inequitably upon the government.

The overpayment by the trustees resulted because they did not consider as deductible from the net income of the trust the sums of money distributed or distributable to the widow. The deduction was not taken and the tax was paid by them with the knowledge, consent, and approval of the beneficiary as cotrustee. They acted in reliance on decisions since reversed, Warner v. Walsh, 15 F.(2d) 367 (C. C. A. 2d); United States v. Bolster, 26 F.(2d) 760, 59 A. L. R. 491 (C. C. A. 1st); Allen v. Brandeis, 29 F.(2d) 363 (C. C. A. 8th), and rulings of the Bureau of Internal Revenue, IT. 2506 and IT. 2480 published in Cumulative Bulletin VIII-2, p. 129, 141; Helvering v. Butterworth, supra. By reason of those same decisions, the beneficiary in her individual capacity failed to include in her income the money distributed, and failed to pay the tax she should have paid. The defendant, considering those decisions as correctly interpreting the law, accepted the tax paid by plaintiffs instead of pursuing the beneficiary. An adjustment of plaintiffs' rights now, and a recovery by them here, will inure to her benefit. Defendant, however, is now foreclosed by the statute of limitations from pursuing its rights against the beneficiary in an affirm-

ative action. Defendant may get relief only when it pleads the facts defensively in a suit of this nature. Then all the parties will have had their rights adjusted. The case of Helvering v. Butterworth, supra, now settles the law, and equity requires that the mistakes arising out of the interpretations placed on the decisions impliedly reversed by that case should be mutually adjusted wherever possible.

■ This action being for money had and received, and equitable in its nature, plaintiffs must show that in equity and good conscience they are entitled to this money. Champ Spring Co. v. United States, 47 F.(2d) 1 (C. C. A. 8th), certiorari denied 283 U. S. 852, 51 S. Ct. 560, 75 L. Ed. 1459. The defendant may rely upon any defense which shows that in equity and good conscience the plaintiffs are not entitled to recover. Myers v. Hurley Motor Car Co., 273 U. S. 18, 47 S. Ct. 277, 71 L. Ed. 515, 50 A. L. R. 1181. The taxpayer is not entitled to a refund unless he has overpaid his tax, and although the statute of limitations may bar the assessment and collection of any additional tax, it does not bar the United States from retaining payments already received when they do not exceed the amount which might have been properly assessed and collected. Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293. Defendant, on the authority of the above well-settled principles, may very properly assert facts in this action which show that, in equity and good conscience, it should not be required to pay over to plaintiffs for the use and benefit of the beneficiary the taxes herein sought to be recovered.

The plaintiffs, as nominal parties, have no interest in this recovery; the widow beneficiary, already indebted to defendant, has no right to it. She was legally obligated to defendant; the plaintiffs were not. Since the tax paid, regardless of whose obligation it ostensibly discharged, was paid out of money belonging to and distributable to the widow, it may be treated and retained by defendant as in part discharge of her obligation. This court will regard that as done which ought to have been done.

Since the trial of the instant case the Circuit Court of Appeals for the First Circuit, 78 F.(2d) 136, 138, has reversed the District Court of Massachusetts in White v. Stone, 8 F. Supp. 354, where, in a case similar in facts to the instant case, the District Court had held contrary to the decision at which I have arrived herein. In their opinion, the majority of the appellate court said (Bingham and Wilson, J.J.): "Mrs. Stone is alive and the sole beneficiary under the trust. If the trustees are allowed to recover, it will redound to her benefit, and it is agreed that, had the income in question been taxed to her instead of to the trustees, she would have been required to pay a greater sum than will be offset by the allowance of this plea. Clearly no injustice will be done her by so doing. Furthermore, Mrs. Stone, the sole beneficiary, is the real plaintiff in interest, and equity and justice require that her tax liability should be offset against the claim of the trustees."

The appellate court was not divided in its decision, although Morton, J., based his on other grounds: "It is well settled that an action to recover taxes alleged to have been illegally collected is, essentially, an action for money had and received and is equitable in character and that it devolves upon the plaintiff in such an action to establish that in justice and equity the money sued for belongs to him. Champ Spring Co. v. U. S., 47 F.(2d) 1 (C. C. A. 8), citing authorities. Here, by a mistake for which its officers were in no way to blame, the government collected the tax from the trustees instead of from the beneficiary. If the tax is repaid to the trustees, it will by them be turned over to the beneficiary. As collection from her is barred by limitation, the result will be that the government will lose a tax to which it was justly entitled, and the beneficiary will escape a tax which she ought to have paid. These facts ought not to be ignored. They show that the government is not withholding from the plaintiffs money which in justice it ought not to retain. See Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293."

It seems to this court that the result is proper on whichever line of reasoning it is based; whether on the equitable strength of the defense or the equitable weakness of the plaintiffs' position.

The petition should be dismissed, with judgment for the defendant, with costs.