### LYMAN v. UNITED STATES.
Nos. 6787, 6847, 6914–6916.

District Court, D. Massachusetts.
Jan. 28, 1938.

Claude R. Branch, Charles Ryan, and Harvey H. Bundy (of Choate, Hall & Stewart), all of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., Arthur L. Murray, Sp. Asst. to U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., all of Boston, Mass., (James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Lester L. Gibson, Sp. Asst. to Atty. Gen., on the brief), for the United States.

SWEENEY, District Judge.

These five actions of law, brought either by a taxpayer or a representative of a taxpayer's estate, seek to recover from the United States moneys erroneously assessed and collected as income taxes, and alleged by the plaintiffs to be illegally detained by the United States. Since the five cases differ only as to the amounts sought to be recovered, and as to all facts are identical, this opinion will treat them as one, and will leave it to the parties to agree as to the exact amounts sought to be recovered. In the event of their inability to agree this court will further consider the individual cases.

The defendant admits that an overpayment of taxes was made by the plaintiff for the years 1927 and 1928, but asserts a right to withhold the amount of such overpayment from the plaintiff to the extent of an unpaid tax due from the trust, of which the plaintiff is a beneficiary, because collection against the trust, as such, is barred by the statute of limitations.

The plaintiff, during the years 1927 and 1928, was a beneficiary of a trust created under the will of Arthur T. Lyman, who died in 1915. Under the will the trustees were given absolute discretion in determining whether any property, rights, or money received by them should be treated as capital, and added to the corpus of the trust, or as income, and distributed to the beneficiaries. The plaintiff was entitled to a share of what was determined to be income, but was not entitled to any share of the capital. During 1927, the trustees received certain distributions amounting to $90,475. In 1928, they received the sum of $131,076. The plaintiff did not receive any

of the two amounts last specified during the years in which they were paid to the trust or at any other time. Deficiency assessments were made by the Commissioner against the plaintiff for each of these two years upon the theory that the above amounts received by the trust were income to be distributed to the beneficiaries for which an additional tax was assessed. After these deficiency assessments were paid, the plaintiff filed a claim for refund on May 17, 1933, basing his contention on the fact that the distributions to the trust were not taxable to the plaintiff—a beneficiary of the trust. A similar claim for refund, based upon the same ground, was filed for the 1928 return. The Commissioner of Internal Revenue thereafter approved such claims for refund, after certain minor adjustments, but withheld the amounts for which suit is now brought, on the theory that such amounts were due as income tax from the trust under the will of Arthur T. Lyman, and would be detained as against the plaintiff because the statute of limitations precluded recovery from the trust, and disallowed such claims for refund as to those amounts.

The sole question involved is whether, in an action by a beneficiary of a trust for the recovery of taxes paid on his income, the United States may offset against the taxpayer an amount alleged to be due from the trust when collection against the trust would be barred by the statute of limitations.

The plaintiff does not concede that the trust should have paid any tax to the United States, and, of course, that question has not been adjudicated, because such adjudication would necessarily follow an attempt on the part of the government to collect it. Collection was barred in this case by the statute of limitations.

The government contends that to permit a recovery in this case would result in an unjust enrichment to the taxpayer, and would deprive the government of a tax which is due it, and cites Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, as authority for the denial of the recovery sought by the plaintiff. I consider that decision to be limited to the peculiar facts of the case. See McEachern v. Rose, 302 U. S. 56, 58 S.Ct. 84, 82 L.Ed. ——. In the Stone v. White Case, supra, a single tax was due either from the trustees or from the sole beneficiary of the trust, and the government had not been negligent in as-

sessing a tax against the trustees as, under the decisions of several Circuit Courts of Appeals in like cases, it was deemed that the tax should be collected from the trust.

When, in the light of the Supreme Court decision in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, it was determined that the tax should have been assessed against the sole beneficiary, the statute had run. When the trustees sought recovery of the money which had been paid under a mistake of law, the Supreme Court held that, under such circumstances, recovery might not be had for the benefit of the sole beneficiary against whom the tax could not be assessed because of the running of the statute. Any recovery that the trustees might have made would have inured to the benefit of the beneficiary. The court took cognizance of the identity of the beneficiary, and that the trust was a mere conduit of title, and denied recovery of the single tax which at the time of collection was assessable either against the trustees or the beneficiary.

In the present case the plaintiff does not concede that the trust was even taxable, and suggests, by way of argument, that the trust would have resisted any efforts made to collect a tax from it if such efforts had not been barred by the statute of limitations, and had been made.

Further, it is not a single tax that should be paid either by the trustees or the beneficiary, nor do the facts disclose that a recovery in the name of the beneficiary will inure to the benefit of the trust. Whatever recovery is to be had by the beneficiary will be for his own benefit and use.

It is argued that a retention of the money by the government would not result in its unjust enrichment, and, while this may be a true statement of fact, nevertheless, such retention would result in the beneficiary paying a tax which was not legally assessable against him, and which was not due under the income tax laws. If either the beneficiary of the trust or the government is to suffer a loss, in good conscience and equity, that loss should be borne by the government, since its failure to assess a tax against the trust must be deemed to border on negligence, for it was acquainted with the set-up of the trust instrument.

The facts in the instant case are so distinguishable from the facts in the Stone v. White Case, supra, that I do not consider its decision at all binding in this case. The defendant's motion for judgment is denied,

and the defendant's request for rulings is denied. The amounts of the judgments may be agreed upon by the parties, and, in the event that they are unable to agree, judgments for the plaintiffs will be settled by this court, upon application by either party.