## HERMAN v. WHITE, Former Collector of Internal Revenue (two cases).
### Nos. 6472, 6473.

District Court, D. Massachusetts.

Dec. 6, 1938.

Herbert B. Ehrmann, and Goulston & Storrs, all of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

These actions were brought to recover taxes paid by the plaintiff on her income for the years 1929 and 1930. The amounts involved are relatively small. The suits were tried together without jury and, as they present the same issue, they may be considered in one opinion. The facts common to both are stipulated and are as follows:

Joseph M. Herman died, leaving a will wherein he provided that trustees should hold in trust property sufficient to enable the trustees to pay the plaintiff an annual fixed amount of $30,000, together with all taxes thereon, including federal income tax.

Plaintiff, in each of the years 1929 and 1930, included the sum received from the

trustees in the return of her income and paid the tax thereon, for which she was fully reimbursed by the trustees.

The trustees, in their returns, did not include as taxable income the annuities paid to the plaintiff. Later, the decision in Helvering v. Pardee, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365 was handed down, holding in effect that a fixed annuity was chargeable upon the entire estate, and not necessarily payable from income, and that the amount thereof was not deductible by a trustee from the income of the trust.

After the statute of limitations had barred any claim by the government against the trustees, the plaintiff claimed a refund of the taxes paid by her on the amount received by her from the trust. The claims for refund were based upon the decision in Helvering v. Pardee, supra. The claims were rejected on the ground that the taxes paid were not in excess of the correct amount of tax due from the trustees for the same years. It is stipulated that if the trustees had included the income represented by the payments, the income taxes which the trustees would have paid for each year would have been in excess of the amount paid by the plaintiff.

█ While it may fairly be assumed that the trustees would be under a duty to recall the sums advanced to the plaintiff for these taxes, if recovered from the government, it is not necessary to now decide that question. In any event, if judgment goes for the plaintiff, it will follow that income subject to tax will escape and that either the beneficiary or the trustees will be unjustly enriched at the expense of the government. It is settled law that "statutes providing for refunds and for suits on claims therefor proceed on the same equitable principles that underlie an action in assumpsit for money had and received." United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 402, 54 S.Ct. 443, 449, 78 L.Ed. 859; Myers v. Hurley Motor Co., 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515, 50 A.L.R. 1181; Lewis v. Reynolds, Collector, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Stone v. White, Former Collector, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Sanford v. First National Bank of Marysville, Kansas, 8 Cir., 238 F. 298; Portsmouth Cotton Oil Ref. Corp. v. Fourth National Bank of Montgomery, D.C., 280 F. 879; United States Paper Exports Ass'n v. Bowers, 2 Cir., 80 F.2d 82; First National Bank of Birmingham v. United States, D.C., 12 F.Supp. 301; American Newspapers, Inc., v. United States, D.C., 20 F.Supp. 385.

█ The facts of the case at bar present, in my opinion, a situation which is controlled by Stone v. White, supra. In that case a trustee sought to recover taxes which should have been paid by the beneficiary after the rights of the government against the beneficiary had been barred. It was held that the trustee was not entitled to the refunds, the Court saying [page 854]: "Equitable conceptions of justice compel the conclusion that the retention of the tax money would not result in any unjust enrichment of the government. All agree that a tax on the income should be paid, and that if the trustees are permitted to recover no one will pay it. It is in the public interest that no one should be permitted to avoid his just share of the tax burden except by positive command of law, which is lacking here. No injustice is done to the trustees or the beneficiary by withholding from the trustees money which in equity is the beneficiary's, and which the government received in payment of a tax which was hers to pay. A single error on the part of the taxing authorities, excusable in view of persistent judicial declarations, has caused both the underassessment of one taxpayer and the overassessment of the other. But the error has not increased the tax burden of either, for whether the tax is paid by one or the other, its source is the fund which should pay the tax, and only the equitable owner of the fund is ultimately burdened."

I do not think a defendant's judgment is necessarily in conflict with Lyman v. United States, D.C., 22 F.Supp. 14, decided in this District. Here there can be no legitimate doubt that the income was subject to a federal income tax; that the tax is but the single tax and that it was paid ultimately by the trustees when they reimbursed the plaintiff. In these significant respects the facts in the instant case are not identical with those appearing in the Lyman Case. Nor does McEachern v. Rose, Former Collector, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, help the plaintiff. The decision in that case turned upon a statute, Revenue Act of 1928, secs. 607 and 609, 26 U.S.C.A. §§ 1670(a) (2), 1675, which has no application here, as the plaintiff did not pay a tax after the statute of limitations had run. The stipulation shows that the Commissioner did not apply the rule, af-

firmed in Helvering v. Pardee, supra, until after further assessments against the trustees had been barred, and no question of unreasonable delay is involved.

In reality, the trustees paid the tax upon this income, although not all that should have been exacted. It would not be compatible with equity or good conscience to now require the government to refund the tax. No one can be harmed by the retention. Smith v. United States, D.C., 22 F. Supp. 1011; Champ Spring Company v. United States, 8 Cir., 47 F.2d 1.

Defendant's motion for a judgment is allowed.