**PACIFIC MILLS v. NICHOLS, Former Collector of Internal Revenue.**

No. 4622.

District Court, D. Massachusetts.

Jan. 26, 1939.

O. W. Taylor, and John T. Noonan, both of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this action, defendant has filed a motion, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for permission to inspect, copy or photograph certain designated papers, books, accounts and other records alleged to be material to issues raised by the amended answer which has been filed and allowed in this case. The following facts are made to appear:

Plaintiff returned and paid a tax upon $11,851,939 of income for the year 1918. After a complete and thorough examination of plaintiff's books and records, made in 1922, which extended over a period of two and one-half months, the Commissioner of Internal Revenue made an additional assessment in the amount of $425,446, of which amount a portion was abated and the balance paid in cash or credits. The sum collected by the defendant has been paid into the Treasury of the United States. In 1924 and again in 1925, claims for refund were made and rejected by the Commissioner without any change in his prior determination. The claim for refund, filed in 1925, was based solely on the ground that in the closing inventory for 1918 the wool inventory was over-valued. It is to recover this refund that this action was brought in 1929. There has been much delay, due to an answer in abatement filed by the defendant, and to an attempt by the Commissioner to secure, for purposes of redetermination of the 1918 tax, access to the records which the defendant now seeks to obtain under the rule.

In this litigation the defendant and the Commissioner failed. Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103; Pacific Mills v. Kenefick, 1 Cir., 99 F.2d 188. The Commissioner, however, since the suit was brought, has re-examined the wool inventory, and a further examination respecting it would not seem to be needed. Since this motion for discovery was filed, the Commissioner has notified the plaintiff of a redetermination without re-examination.

In his amended answer, defendant has set up, in substance, that other portions of the inventory were under-valued, and that, if the inventory as a whole were correctly valued, it would follow that there had been no over-payment of the tax for 1918.

The plaintiff contends that the defendant cannot now avail himself of this defense, asserting that the only issue presented is whether the wool inventory is too high. If the plaintiff's contention is sound, then the motion should be denied for two reasons,—(1) Because the defendant is clearly in possession of whatever the books would show relative to the wool inventory, and (2) The discovery sought respecting other items would not be material to any matter involved in the action.

On the other hand, if the defendant can offer evidence tending to substantiate the allegations of the amended answer, and to that end can summon officers of the plaintiff corporation and demand the production at the trial of its books and records, then clearly such a prospect would justify the pre-trial discovery for which the defendant has moved.

It would seem, therefore, essential to reach, at this stage of the case, a conclusion respecting the contention of the plaintiff.

I confess that the matter is not free from difficulty, but a study of the applicable statutes and authorities has led me to the conclusion that the motion should be allowed, to avoid an unduly protracted trial before a jury.

The defendant invokes the doctrine of Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 853, 81 L.Ed. 1265. These cases establish the principle that a suit to recover a refund of taxes erroneously paid is equitable in

its function, possessing the attributes of an action for money had and received. In Stone v. White, supra, the Court said: "Since, in this type of action, the plaintiff must recover by virtue of a right measured by equitable standards, it follows that it is open to the defendant to show any state of facts which, according to those standards, would deny the right."

It is to be noted in passing that both Lewis v. Reynolds, supra, and Stone v. White, supra, were actions brought against Collectors of Internal Revenue. There can be no doubt that this equitable standard has been applied in many actions brought against Collectors of Internal Revenue. Crocker v. Malley, 249 U.S. 223, 39 S.Ct. 270, 63 L.Ed. 573, 2 A.L.R. 1601; Harvey v. Malley, 1 Cir., 60 F.2d 97; Brampton Woolen Co. v. Field, 1 Cir., 56 F.2d 23; American Woolen Co. v. White, 1 Cir., 56 F.2d 716, 719.

The plaintiff, accepting the principle of Lewis v. Reynolds, supra, nevertheless contends that it has no application to the case at bar. Plaintiff's argument proceeds on the thesis that defendant has pleaded a set-off and that it is a condition precedent to that right that the Commissioner make a new determination of plaintiff's tax liability after the claim for refund is filed. In other words, that since the Commissioner rejected the claim without changing his determination, the Collector cannot now be heard to say that the determination of taxable income would stand if a proper valuation were put upon all the assets making up the closing inventory of 1918.

The plaintiff relies for support upon Routzahn v. Brown, 6 Cir., 95 F.2d 766, 771. That was a case involving an estate tax. After the trial, and a reversal on appeal, the defendant, a collector, was permitted to amend by alleging that transfers not mentioned in earlier proceedings should have been included in the gross estate of decedent. This amendment did not allege that the new defense was based on any official determination of the Commissioner. At the conclusion of the second trial, defendant moved to amend to allow proof of interdepartmental action relative to the last mentioned transfers. This motion was denied, and plaintiff recovered judgment. The Court said: "We are content, in view of the equitable nature of the plaintiff's claim and the defenses thereto, in view of the history of the controversy, the years that have elapsed since it arose, the change in its character wrought by the amended answer, to hold that there was no inequity or abuse of discretion on the part of the District Judge in overruling the collector's motion to further amend the answer." The Court added, however, that if the appeal was to be decided on the merits, defendant would not prevail.

Whether plaintiff goes so far as to contend that the right of redetermination must be exercised before the claim is rejected is not clear but, in any event, I can agree that, if an official redetermination is necessary, well established principles of equity would not permit the Commissioner to re-audit and revise his finding twelve years after the claim for refund was presented.

We approach the question whether the failure of the Commissioner to act precludes this defendant from alleging and proving that the tax has not been overpaid if a proper valuation is given to the entire inventory. It is true that in Lewis v. Reynolds, there was a redetermination of plaintiff's tax liability, and in most of the cases in the lower courts which have followed, or cited, the rule in Lewis v. Reynolds, the same is true. In Stone v. White, D.C., 8 F.Supp. 354, however, without any administrative action the Collector was permitted to show at the trial that a beneficiary had not paid a tax, which might have been lawfully assessed to her, upon income received from the trustee who had erroneously paid the tax and who was suing to recover the tax illegally exacted. Notwithstanding Lewis v. Reynolds, the trial court held that plaintiff was entitled to recover. This judgment was reversed in White v. Stone, 1 Cir., 78 F.2d 136, on Lewis v. Reynolds, and the reversal was upheld in the Supreme Court in Stone v. White, supra. The same result was reached in this court in Herman v. White, D.C., 25 F.Supp. 587, decided December 6, 1938. In both of these last cited cases, there was obviously no new official determination by the Commissioner after the claim for refund, but it is equally obvious that a valid tax unpaid was set off against an invalid tax paid.

In Crocker v. Malley, 249 U.S. 223, 39 S.Ct. 270, 63 L.Ed. 573, 2 A.L.R. 1601, and in United States Paper Exports Ass'n v. Bowers, 2 Cir., 80 F.2d 82, the tax lawfully due was applied to reduce the tax

illegally exacted and plaintiff's recovery limited to the balance. There does not appear to have been any redetermination by the Commissioner after refund was claimed.

Referring to the rule in Lewis v. Reynolds, the Court in Routzahn v. Brown, 6 Cir., 95 F.2d at page 769, said that "Such defense is equitable, comparable to equitable recoupment or in diminution of the plaintiff's right to recover rather than set-off, for there is no counter-demand on him, but merely a denial of his equitable right to the overpayment, * * *." With this conception of the character of the defense I agree. If applied, it is not necessary to treat the defendant's answer as a counterclaim. It is rather a denial of plaintiff's right to recover.

There is still the question whether, in order to cut down plaintiff's rights, a new determination is an indispensible prerequisite. It is possible to conceive of circumstances which might require official action. Routzahn v. Brown, supra, was perhaps such a case since the new defense changed the character of the litigation. But the situation, presented by the case at bar, is quite different. Here the plaintiff is endeavoring to show a tax liability less than the tax paid, basing its claim on alleged over-valuation of certain portions of the closing inventory. Since the action is for money unlawfully collected and retained by the government, and the ultimate question in such cases is whether the government has received money which, in equity and good conscience, belongs to the plaintiff, it follows that the plaintiff cannot prevail without satisfying the Court or jury that the tax was determined by employing an inventory valuation which, as a whole, was excessive. In arriving at the plaintiff's tax liability, it was the whole inventory and not a part of it that was an essential element of tax liability. There was never any administrative finding respecting wool values which would constitute a separate and distinct official act, and none was required.

Plaintiff stresses the point that the defendant is, in reality, asking this court to assess the correct tax and to adopt his views respecting inventory valuations. It may be observed that this is no more than the plaintiff is seeking to accomplish. The amended answer only lays ground for proof that the 1918 tax was not overpaid, even though the wool was over-valued. No adequate reason has been advanced for denying the defendant this opportunity to meet plaintiff's claim of overpayment. I find no support for the proposition that a taxpayer who questions the amount of his tax may select from his closing inventory certain items which he deems to be over-valued and, at the same time, deny to the defendant the right to show that the whole inventory was not over-stated.

The Commissioner, in his reaudit, is not limited to the specific grounds of the claim for refund. He "is at liberty to audit the return afresh and to strike a new balance as the facts may then appear." United States v. Memphis Cotton Oil Co., 288 U.S. 62, 70, 53 S.Ct. 278, 281, 77 L.Ed. 619.

It is not a question of a right to set-off, or of the necessity of a reaudit, but rather it is a matter of meeting the ultimate issue of the case which must be kept in mind. That issue is, has the plaintiff paid the defendant, in settlement of tax liability, an amount which the government is not equitably entitled to retain?

United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 857, 81 L.Ed. 1272, was a case where the taxpayer sued to recover an overpayment of tax as determined by the Board of Tax Appeals, and which the Commissioner refused to refund. In the course of the opinion in that case, the Court stated that a plenary suit would lie in the District Court for the recovery of the refund "And in such a suit the Commissioner may secure a final adjudication of his right to withhold the overpayment determined by the Board, on the ground that other taxes are due from the taxpayer, or that upon other grounds he is not equitably entitled to the refund. * * * In view of what we have just decided in Stone v. White, supra, it is evident that in the circumstances of this case there is no clear duty of the Commissioner to refund the tax without securing a final adjudication of the government's right to retain it, as he may do by interposing an appropriate defense in a suit for the refund."

A plenary suit is one brought against the Collector or the United States. The Court, relying on Stone v. White, supra, recognized the right of the Commissioner to refuse a refund and to interpose an appropriate defense in the suit

for refund. I do not believe this right is lost merely because the Collector rather than the United States is the defendant. I am unable to find in the law any ground for such distinction.

I am compelled to conclude that the defenses of the amended answer are open to defendant and consequently that the discovery sought is material to the issues presented.

For the reasons above stated, I deem it expedient to allow defendant's motion but only so far as it calls for books and records relating to the 1918 inventory. So far as it calls for books and records for 1919, it is denied.